[Crim. No. 961.  In Bank.—April 22, 1903.]

## THE PEOPLE, Respondent, v. WONG BIN, Appellant.

CRIMINAL LAW—IMPANELMENT OF JURY—DEPARTMENTS OF COURT.—The departments of the superior court of a single county, though theoretically one court, are practically as distinct, for the trial of causes, as other superior courts; and it is prejudicial error for the judge of one department engaged in the trial of a criminal case, having its own regular panel of jurors present before it, to place in the jury-box the names of jurors regularly drawn for another department, and to impanel the jury therefrom.

ID.—FAIRNESS OF JURORS—COMPLIANCE WITH STATUTE.—The fact that the jurors impaneled from another department were fair and impartial, is immaterial. The provisions of the statute for the impanelment of jurors must be substantially complied with.

ID.—INSTRUCTION—CREDIBILITY OF WITNESSES.—An improper instruction to the jury as to the credibility of witnesses, which merely tells the jurors to do that which they evidently would do without being told, is not prejudicial error.

ID.—CHARGE OF MURDER—DEFENDANT AS WITNESS—COMMENTS OF DISTRICT ATTORNEY.—Where the defendant testified in his own behalf, and went fully into the details of the crime of murder charged against him, claiming that the killing was in self-defense, it was proper for the district attorney in his argument to comment upon his failure to deny statements testified by other witnesses to have been made by him inconsistent with his testimony.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Byron Waters, and Waters & Wylie, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant Attorney-General, and E. B. Power, Deputy Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant, having been convicted in the superior court of Los Angeles County of the crime of murder in the first degree, and adjudged to suffer death, appeals from the judgment and order denying his motion for a new trial. The principal question presented by this appeal is as to the impanelment of the trial jury.

When the case came on for trial, on April 21, 1902, in department one of the superior court of said county, in which department the information against him had been filed and was regularly pending, there was a regular panel of jurors present, which had been, on January 23, 1902, drawn from the trial jury-box of the county, by order of the presiding judge of said department, to serve as term trial jurors in said department one, for the period of three months from February 1, 1902, and until legally discharged.

There was also present the regular panel of department three of said court, consisting of twenty-three jurors, brought into department one on this day for the trial of this case, in the manner and for the reasons indicated by the statement of the presiding judge of department one, which is contained in the record, and is as follows, viz.:—

"Thinking that we had not enough regular jurors here in our regular panel to obtain a jury in this case, knowing that the defendant had twenty peremptory challenges, and the people ten; that the challenges alone would exceed the number of jurors that we had here in this department, I ordered the clerk to obtain the term trial jury from department three, so as to give you plenty of names to draw from, and not to have to issue a special venire."

These jurors, so procured, had been, on April 7, 1902, regularly drawn from the trial jury-box of the county by order of the presiding judge of department three, for the trial of cases at issue in said department three. The names of all these jurors in attendance, both those belonging to the panel of department one and those belonging to department three, were placed together in the trial jury-box, and the jury drawn therefrom to try this case, the jury as completed and sworn having upon it jurors from both panels.

Before any juror was sworn, defendant made his objection to the method adopted, in the form of a challenge to the panel, fully and specifically stating his objections to the placing in the jury-box of the names of twenty-three persons who were not on the regular panel of the department, and who were not present, it was claimed, in pursuance of any law or any valid direction of the court. The challenge, after the facts above stated had been elicited, was disallowed, and defendant saved his exception to the ruling of the court. In the impanelment of the jury, he exercised all of the peremptory challenges allowed under the law, and asked to be allowed to exercise further and additional peremptory challenges, which application was denied, and he excepted to such denial.

If it be conceded that the alleged irregularity is not a ground of challenge to the panel, we are satisfied that the point could be made by objection seasonably interposed, and that the challenge here made, fully and specifically stating the matters complained of, should be treated as such an objection.

The precise question presented by these facts has never been determined by this court, although it was involved in the case of *People* v. *Compton,* 132 Cal. 484, also a case from Los Angeles County, in which jurors from two departments had been used. In that case, the names of all the jurors in attendance from both departments were not placed together in the jury-box, the panel of one department being exhausted before the names of the jurors of the other panel were placed in the box. This court held that if such borrowed jurors could be legally used, their names should have been placed in the box with those of the regular jurors before any juror was drawn, and if they could not be legally used, their names should not have been put in the box at all. In discussing that case, the court did, however, say: ''If the jurors brought from other

departments of the court were not properly *a part of the regular panel,* then the court had no authority to place their names in the box at all, *for jurors not on the panel cannot be brought into court to try a cause by the mere order of the court.* The statute does not authorize it. When the panel summoned before the court from which the jury is to be selected is exhausted, and the jury is not completed, the law says the jury may be completed by drawing other names from the trial jury-box, and then those persons may be summoned by the sheriff to appear in court. This is, in effect, a second regular panel. The only other course is to order a special venire, not taking bystanders.'' This statement is fully sustained by the provisions of our codes and the decisions thereunder. Our legislature has attempted to provide a method for the formation of juries, a method designed, as was said in the case of *Bruner* v. *Superior Court,* 92 Cal. 239, ''to procure fair and impartial jurors, and to prevent public officers from bringing together certain persons on a jury, in order to secure a certain result,'' and a court cannot legally depart from the method provided by statute.

The attorney-general is thus driven to the necessity of contending that all drawn jurors attending any and all of the six departments of the superior court of Los Angeles County constituted but *one* panel, basing this contention upon the fact that there is but one superior court in that county. It is apparent that there can be nothing in this contention, when we consider for a moment what a panel of jurors is, and the manner in which these jurors were drawn and summoned, and the expressed purpose for which they are required to attend. As was said in *Cottrell* v. *Cottrell,* 83 Cal. 457: ''While the various departments of the superior court of San Francisco constitute, theoretically, one court, still, practically, for the purpose of trial of causes, they are distinct, as are other superior courts.'' The judge presiding in any such department has the power to make and enforce all orders necessary for the disposition of causes that have been assigned to his department, and no judge sitting in any other department of the same court can interfere with him in the exercise of such power. If it becomes necessary for his department to have a jury for the disposition of causes pending therein, a panel may be obtained in the manner provided by statute,

to attend in his department. Such panel may either be drawn
from the "trial jury-box," and summoned by the sheriff
(Code Civ. Proc., sec. 214), or the sheriff may be directed
forthwith to summon so many good and lawful men as may
be required (Code Civ. Proc., sec. 226), and the list returned
by the sheriff under the order constitutes the "panel." (Pen.
Code, sec. 1057.) Such orders may be made from time to
time, as the business of the various departments may require,
and it is clear that there may be at one time as many sepa-
rate panels, some, perhaps, drawn from the box and some
selected by the sheriff, as there are departments of the court,
the jurors on each panel attending the particular department
they were required to attend by the order originally made for
their attendance, and each panel as separate and distinct
from all of the other panels as it is from a panel attending
the superior court of another county. It must be obvious
that the jurors drawn and serving in department three could
not have, by simply attending upon department one, whether
voluntarily or by order of the judge of department three,
intruded upon the trial of this cause as jurors to be examined
as to their qualifications to serve on such trial. The presid-
ing judge of department one was certainly not compelled to
recognize them as jurors in his department and order their
names placed in the box, simply because they were personally
present. They were not members of his jury panel. Without
the direction of the judge of department one, they would
have been as much strangers to this proceeding as any by-
stander in the court-room. And we look in vain for any statu-
tory provision authorizing a direction or order by the court
that this specific body of men be combined with the regular
panel in attendance, and that the jury to try this defendant be
selected from such aggregation. The theory that the judge
of a court may at any time himself select certain designated
persons to serve in a particular cause, which must obtain if
he can borrow, at his option, jurors already drawn and sum-
moned in another department, is at variance with all the ideas
upon which our statutory provisions in relation to the selec-
tion of jurors are founded.

We are satisfied that the action of the court below in calling
in and using the twenty-three jurors from another depart-
ment in the impanelment of a jury for the trial of defendant

was such a substantial departure from the statute as to neces-
sitate a reversal. It is no sufficient answer to the objection of
defendant that the jurors so obtained were probably fair and
impartial. Such an answer could be made in any case, re-
gardless of the extent to which the statutes had been violated.
Where the statute provides a method for the selection of
juries, that statute must be at least substantially followed.
The question as to whether or not, where there are two or
more departments of the superior court in any county, the
judges thereof may unite in drawing one panel for general
service in all of said departments, is not here involved, and
need not here be decided, for such a course was not followed as
to the jurors in the case at bar. Here the judge of each de-
partment had regularly drawn his own panel for service in
his own department; such panels were drawn at different
times, and constituted separate and distinct panels, which
could be brought together and joined only by some subsequent
order, for which the statute furnishes no authority. The
method suggested, of one general panel, may be practicable
in some counties having two or more departments, a question
not necessary here to decide, but it is clear that to make it
possible the jurors must all be drawn at the same time, and
the panel so drawn and summoned must at all times be used
as *one panel.*

The instruction given as to the manner in which the jury
should determine the credibility of witnesses is, almost word
for word, the instruction given in the case of *People* v. *Benc,*
130 Cal. 159 (165), in which case it was held that although
such an instruction was improper, it could not possibly have
done any harm, for it was merely telling the jury to do cer-
tain things which the jurors would evidently do without being
so told. It was therefore held not to be prejudicial error.
(See, also, *People* v. *Newcomer,* 118 Cal. 263, 268.)

There is nothing in the point made as to the argument of
the district attorney. The defendant had voluntarily gone
upon the stand as a witness, and as such witness went fully
into the details of the difficulty, claiming that the killing was
in self-defense. Under these circumstances the district at-
torney was authorized in commenting upon his failure to deny
certain alleged statements testified by other witnesses to have

been made by him, inconsistent with his testimony given on the trial. (*Nevada* v. *Harrington,* 12 Nev. 125; *Stover* v. *People,* 56 N. Y. 315.) The question thus presented is very different from the case where the defendant is not a witness at all, or a witness only as to some formal matter.

On account of the irregularity in the method of impaneling the jury, the judgment and order are reversed and the cause remanded for a new trial.

Shaw, J., Van Dyke, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.