MINNIE V. CONNOR, Respondent, v. SALT LAKE CITY, a Municipal Corporation, Appellant.

No. 1573.    (78 Pac. 479.)

1. Jurors: Panel: Selecting Jury.
Notwithstanding Revised Statutes 1898, section 1313, providing that in districts having more than one judge each judge shall have power to order drawn such number of jurors as may be necessary to serve in the court presided over by him, the several judges of such a district may proceed, as provided in sections 1310, 1311, and order a general panel to be drawn in each county in the district for the purposes of the district court of such county, and the jurors so drawn may serve in any division of such court in the county where drawn.

**2. Same.**

A party may not complain because not allowed the entire panel from which to select a jury, where some of the jurors are serving in another case.

**3. Injury from Defective Sidewalk: Notice of Claim: Evidence.**

Under Revised Statutes 1898, section 312, requiring that a claim arising from a defective sidewalk be presented to a city council describing the "time, place, cause and extent of the damages or injury," a claim for injuries as "sustained on or about January 15, 1902, while walking on the sidewalk along First West street between Seventh and Eighth South, . . . through the negligence of the city in suffering . . . a fence . . . to be on said sidewalk," not having misled the city, is sufficiently definite.

(Decided November 11, 1904.)

Appeal from the Third District Court, Salt Lake County.—*Hon. S. W. Stewart*, Judge.

Action to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant in permitting the obstruction of one of the city's streets. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*Charles C. Dey, Esq.*, City Attorney, *Wm. H. Bramel, Esq.*, and *D. O. Willey, Esq.*, Assistant City Attorneys, and *J. H. Bailey, Esq.*, for appellant.

Defendant's challenge to the jury should have been sustained.

The jury offered in this particular case was not drawn for the department of the court in which it sat. On the contrary, it was drawn for the district court generally without reference to the particular departments presided over by different judges, and without

reference to the order of any particular judge. At the
time of the trial sixteen jurors of the venire were not
available in this case. There had been a mistrial of
this action before the same judge, during the same
term, and eight jurors from the venire having heard
the evidence had thereby become disqualified and were
not available. At the time the case came on for trial
another jury of eight men from the same venire or
panel were serving in the department of Judge Morse,
and were not available in this case. These facts are
conceded. A seasonable challenge to the panel of the
jury was made.

The statute provides that at least fifteen days prior
to the beginning of any term of the court, the clerk of
the court shall draw such a number of names from the
jury box, to serve as jurors, as the judge shall direct.
R. S. 1898, secs. 1310-1311.

The statute further provides:

In districts having more than óne judge, each judge
therein shall have the power to order drawn such
number of grand and petit jurors as may be necessary
to serve in the court presided over by such judge. R.
S. 1898, sec. 1313.

A challenge to the panel can be founded only on a
material departure from the forms prescribed in re-
spect to the drawing and return of the jury, or on the
intentional omission of the proper officer to summon
one or more of the jurors drawn. R. S. 1898, sec. 3140.

In the case the appellant contends that there was a
confessedly material departure from the forms pre-
scribed in respect to the drawing and return of the
jury—so material in fact that it resulted in a trial jury
selected from an irregular, imperfect and mutilated
panel being thrust upon the defendant.

Had the jury been drawn for the particular de-
partment in which this trial occured, the eight jurors in
Judge Morse's Court would have been present at this
trial. The intentional omission of the sheriff to sum-
mon one or more of the jurors drawn invalidates the

panel. What is to be said in favor of a departure from the prescribed form that results in eight jurors being taken from the panel?

Each department of the district court is, so far as drawing jurors is concerned, a separate, independent court. One department cannot legally draw jurors for another department, send jurors to another department or call them in from another department. People v. Wong Bin, 139 Cal. 60; R. S. 1898, sec. 1313.

The statute gives the judge of a department power to order a jury for his particular department, but it does not give him the authority to order a jury for all departments or to deplete his panel by sending portions of it to other departments.

The manner in which a jury is to be drawn in a court of more than one department is prescribed by statute, but this jury was drawn "without reference" to any particular department of the order of any particular judge.

A jury is a component part of a court, and unless such jury is legally constituted it vitiates the entire proceeding before the court. Moore v. Guano Co., 130 N. C. 229, 41 S. E. 293. Thurston v. State, 18 Tex. App. 26; U. S. v. Colt., 25 Fed. Cases, No. 14839; Brazier v. State, 44 Ala. 387; Nealson v. State, 39 Ill. App. 481; Gott v. Brigham, 45 Mich. 424.

The court erred in receiving in evidence the notice of claim presented to the city council.

The statutes provide for the presentation of claims "describing the time, place, cause and extent of damage or injury," R. S. 1898, sec. 312; and also enacts that no action shall be maintained unless it appears that the claim was presented as aforesaid. R. S. 1898, section 313.

The objection to the notice in question is that it is insufficient in failing to describe the "place" and also in failing to designate the "time."

In respect to place the notice says, "while walking

on the sidewalk at and along First West street, between Seventh and Eighth South streets in the city.''

This gives us both sides of the street; in other words, eighty rods or a quarter of a mile.

This obstruction it will be observed was not one caused by any act of the city. It was a transient movable obstruction—a gate that had been left partially opened and had fallen onto the walk. It is like any temporary obstruction, such as a box, a wheelbarrow— snow or ice or the like. It is not a permanent object, such as a stump, or a broken board or rock imbedded in the walk—reference to which would aid in finding the place sought to be described. Here not even the kind of fence is mentioned. The place was one that could be readily described by reference to Mr. Schmeirer's house and iron fence right there.

The husband of plaintiff on the next day with others made measurements from Mr. Schmeirer's iron post, also from the corner of Eighth South and Second West streets, also from the electric light pole at intersection of said streets.

Appellants husband had the notice prepared. He knew the kind of fence, the exact place and location. He had it so prepared that it could not be told what kind of fence it was, or on which side of the street it was, giving eighty rods for the city officers to find and locate the place if they could.

In construing our statute it is to be borne in mind that it is not a statute limiting a common-law right. Municipal corporations at common law are not liable for damages caused by obstructed or defective streets. The liability is purely statutory. The statute requirements must be substantially complied with. Goddard v. City of Lincoln, 96 N. W. 273; Arnold v. San Jose, 81 Cal. 618; Winbigler v. Los Angles, 45 Cal. 36; Stilling v. The Town of Thorp, 54 Wis. 528; Mower v. Leicester, 9 Mass. 247; Reining v. Buffalo, 102 N. Y. 308; Corry v. Buffalo, 135 N. Y. 366; Van Loan v. Village of Lake Mills, 60 N. W. 710.

The object of requiring such notice is that the city authorities may ascertain the facts concerning the defects and the personal injury occasioned thereby, before they are obscured or lost by lapse of time.

In Benson v. City, 101 Wis. 312, 317, 77 N. W. 161, the court says:

"To be legally sufficient, the notice must contain a sufficiently definite description of the place of the accident to enable the interested parties to identify it from the notice itself."

In Currier v. Concord, (N. H.), 44 Atl. 386, the notice as to place "while traveling on foot along the sidewalk on the west side of the highway leading from Concord Main street to the village of Penacook, at a point near the entrance of the cemetery. and near the limits of said city of Concord," held insufficient.

In Lee v. Village of Greenwich, 63 N. Y. S. 160, the notice described the place as Barber avenue, this avenue was about 100 rods long. Held not sufficiently definite.

In Butts v. Stowe, 53 Vt. 600, a notice described the place where the injury was received as "at a place a few rods south of T. A. Straw's starch factory, and between that and the bend in the road at a pile of rocks."

The distance was eleven rods, and the notice was held not to be as the law required. Law v. Fairfield, 46 Vt. 425; Rogers v. Shirley, 74 Me. 144; Larkin v. Boston, 128 Mass. 521; Donnelly v. Fall River, 130 Mas. 115; Babcock v. Guilford, 47 Vt. 519; Sowle v. Tomah, 81 Wis. 349.

The requirement of a notice is mandatory. It is a condition precedent to bringing an action. The requirement of stating the "place" is to be complied with in a reasonably sufficient manner so that a person with the notice can go and find the defect or obstruction complained of. To give a range of a quarter of a mile in the case of a movable obstruction does not render it possible to locate the place nor serve any real beneficial

purpose. Might as well say in the city or in a certain ward or election precinct.

In Trost v. Castleton (N. D.), 79 N. W. 1071, one hundred feet from the place of the injury was held fatal. Authorities are reviewed in this case.

Although not the case here, it is immaterial that some of the city officers were at the place of the injury immediately after the accident, and knew precisely where it occurred. Trost v. Castleton, 79 N. W. 1071; Sowle v. Tomah, 81 Wis. 350, 51 N. W. 571.

Parol evidence is not admissible to supply a legal requirement of the written notice or to aid it in any way. Underhill v. Washington, 46 Vt. 767; Trost v. Castleton, 79 N. W. 1071.

In White v. Snow, 54 Vt. 510, the court say:

"The notice should point directly and plainly to the place of injury, as is reasonably practicable, having regard to its character and surroundings."

This rule was approved by the court in Wilber v. Greenfield, 74 Wis. 231, as being a "sensible, practical construction of the requirement."

*Messrs. Powers & Straup* for respondent.

However, the matter of sufficiency of the notice in describing the place of accident, is not to be determined alone from mere cases. In all the cases upon this subject matter there are certain underlying principles supposed to govern them all, and upon consideration of which principles the sufficiency or insufficiency of a notice, in a particular given case, is to be determined. These principles are:

1. The manifest purpose of the statute in requiring the presentation of notices of these kind is to enable the town authorities to investigate the claim while the matters are fresh in the memory of witnesses and the evidence is obtainable, to determine the merits of the claim, afford the town an opportunity to settle the claim without subjecting it to the expense of a suit, or to defend the action if it so decides,

2. If the facts upon which the claim rests are set forth in the notice with sufficient fullness to enable the town authorities to make such an investigation the purposes of the statute is answered.

3. A minute and specific description of the place of the accident is not required; if the notice identifies the locality where the accident occurred with reasonable certainty so that the town authorities, acting in good faith, may with reasonable diligence locate the place, that is all that is required. And this is not alone determined from the face of the notice itself, but also in the light of the extraneous evidences of the situation and of the surroundings.

4. These notices must receive a broad and liberal construction.

5. No matter if the notice itself was incomplete and insufficient in its description, yet if the town authorities were not misled thereby it will nevertheless suffice.

6. Identification of the claim sued on the place of accident. The following cases support us in this contention and hold the notice, such as here, sufficient. Burdick v. Richmond, 16 R. I. 502, 17 Atl. 917; Owen v. Ft. Dodge, 67 N. W. 281; Lincoln v. O'Brien, 77 N. W. 76; Brown v. Owasso, 85 N. W. 256; Lincoln v. Pirner, 81 N. W. 846; Place v. Yonkers, 60 N. Y. S. 171; Breen v. Cornwall, 47 Atl. 322; Fopper v. Wheatland, 59 Wis. 623; Rusch v. Dubuque, 116 Ia. 402; Wheeler v. Detroit, 86 N. W. 822; Harder v. Minneapolis, 40 Minn. 446; Salladay v. Dodgeville, 20 L. R. A. 541; Wieting v. Millston, 77 Wis. 523; Marcotte v. Lewiston, 94 Me. 233; Hein v. Fairchild, 87 Wis. 258; 2 Smith, Municipal Corporations, p. 299; Tiedeman, Municipal Corp.; sec. 350b.; 177 Mass. 373; 85 N. W. 256; 95 Md. 62; 74 Conn. 437; 90 N. W. 665; City of Ottawa v. Black, 61 Pac. 985.

BARTCH, J.—This is an action to recover damages for personal injuries alleged to have been received by the plaintiff through the negligence of the defendant

in permitting a portion of a lath and wire fence to remain upon and obstruct the sidewalk on one of the city's streets. From the evidence it appears that on the night of January 15, 1902, the plaintiff, while walking upon the sidewalk on the west side of First West street, between Seventh and Eighth South streets, in company with others, came in contact with a portion of a lath and wire fence lying upon the walk, and that, the fence having caught her right foot, she fell down, and sustained the injuries of which she complains. The night was dark, and the place where the accident occurred is in a populous portion of the city. The end of the fence lying upon the sidewalk, it appears, was frozen to the ground, and there is evidence strongly tending to show that the sidewalk had been thus obstructed almost continuously for several months prior to the happening of the accident. At the trial the jury returned a verdict in favor of the plaintiff for the sum of $4,000 damages, and judgment was entered accordingly. To avoid this judgment the defendant appeals to this court, and, among other things, contends that the verdict was not that of a lawful jury, and that the challenge to the panel, made by the defense, ought to have been sustained.

The appellant insists that the panel from which the jury was selected was not drawn for the court in which this case was tried; that the panel was drawn for the Third District court generally, without reference to the particular departments presided over by different judges and without reference to the order of any particular judge; and that, therefore, the jurors constituting the panel were not competent to serve in this case. It is further insisted that at the time this jury was being impaneled, eight jurors had been withdrawn from the panel and were serving in the trial of a case in another department of the Third District court; that consequently those jurors were not available in this case; and that the appellant had a right to a full panel from which to select the jury herein.

As to the first point here presented—that a panel

must be drawn for each department or division in districts where two or more judges preside—appellant relies on sec. 1313, Rev. St. 1898, which reads as follows: "In districts having more than one judge, each judge therein shall have the power to order drawn such number of grand and petit jurors as may be necessary to serve in the court presided over by such judge." This statute doubtless confers upon each judge, in districts where there are two or more judges, the power to order drawn a panel of jurors specially for the division of the court over which he presides, and when so drawn such jurors cannot be used in another division where another judge presides; but, while each judge has the power, there appears to be no provision to compel him to exercise it where no necessity therefor exists. Notwithstanding this provision confers such power, we are of the opinion that the several judges may proceed, as provided in sections 1310 and 1311, Rev. St. 1898, and order a general panel to be drawn in each county in the district for the purposes of the district court of such county, and the jurors so drawn may serve in any division of such court within the county where drawn. The power conferred upon the judges by virtue of section 1313 was doubtless intended by the Legislature to be exercised only when a speedy and economical administration of justice requires its exercise. Where, then, as admittedly in this case, the jurors constituting the panel were drawn for general service in all the divisions of the court, and were used by the several judges as one panel, it is not error to deny a challenge to the panel upon the ground that it was drawn generally for all the divisions of the court, instead of specially for the particular division where the case is being tried. The appellant, in support of its position as to this point, cited the case of People v. Wong Bin, 139 Cal. 60, 72 Pac. 505, but that case can readily be distinguished from this. There a panel of jurors had been drawn for each particular department of the court, and the appellate court

28 Utah—17

held it was prejudicial error for the judge of one department engaged in the trial of a criminal case, having its own regular panel of jurors present before it, to place in the jury box the names of jurors regularly drawn for another department, and to impanel the jury therefrom. The question herein considered was therein neither involved nor decided, but it was intimated that a general panel might be practicable and might be drawn in counties having two or more departments, for use in all the departments. This appears from the opinion, where it was said: "The question as to whether or not, where there are two or more departments of the superior court in any county, the judges thereof may unite in drawing one panel for general service in all of said departments, is not here involved, and need not here be decided, for such a course was not followed as to the jurors in the case at bar. Here the judge of each department had regularly drawn his own panel for service in his own department. Such panels were drawn at different times, and constituted separate and distinct panels, which could be brought together and joined only by some subsequent order, for which the statute furnishes no authority. The method suggested of one general panel may be practicable in some counties having two or more departments—a question not necessary here to decide—but it is clear that, to make it possible, the jurors must all be drawn at the same time, and the panel so drawn and summoned must at all times be used as one panel."' None of the cases cited by the appellant on this point militate against the views we have expressed.

Nor is the position of the appellant that it was entitled to have the entire panel of jurors available for the selection of the jury in this case sound. If this were imperative as to a general panel in the trial af civil causes, then, as may easily be observed, the court, after submitting one case to a jury, would be unable to proceed with another until a verdict had been returned in the case submitted, although there might

be plenty of idle and competent jurors from whom another satisfactory jury could be selected. When the length of time which juries frequently consume in arriving at their verdicts is considered, the great delay in the trial of causes which would thus be occasioned is obvious. We are aware of no law in this State that would warrant such a practice. The parties to every case at law may demand a fair and impartial jury to be selected from the panel of jurors drawn for service in the court where the case is to be tried, but whether such jury be selected from the entire panel or only a portion thereof is immaterial. If the jurors constituting the jury are competent, fair, and impartial, it is all that the law requires and the litigants can demand. This is doubtless so as to a general panel of jurors. As to a special venire it may be otherwise.

The appellant also contends that the court erred in admitting in evidence the notice of claim for damages presented to the city council to be audited and allowed. The objection to the notice was that it did not sufficiently describe the place where, nor sufficiently designate the time when, the accident occurred. In this class of cases notice is required to be given to the city council by statute, which, *inter alia,* provides for the presentation of claims resulting from defective, unsafe, dangerous, or obstructed sidewalks, and the notice must describe the "time, place, cause, and extent of the damages or injury." Section 312, Rev. St. 1898. And a failure to present a claim to the city council in the manner provided by the statute is made a "bar and answer to any action or proceeding against a city." Section 313, Rev. St. 1898. The notice in question, so far as material here, reads: "I hereby present to the City Council of Salt Lake City, a claim for damages for personal injuries by me sustained, on or about January 15, 1902, while walking on the sidewalk at and along First West Street, between Seventh and Eighth South, in said city, through the negligence of said city in suffering and permitting said sidewalk at

said place to be out of repair and obstructed, and suffer-
ing and permitting a fence, fencing material and ob-
structions to be upon and along the said sidewalk.''
While this notice was not drawn with such particularity
as proper caution would suggest, still we do not think it
is fatally defective. In determining the sufficiency of
such a notice the court is not bound by its terms alone,
but may examine it in the light of extraneous evidence
showing the situation and surroundings and thus deter-
mine whether it sufficiently apprised the municipality
of the location and nature of the alleged defect or ob-
struction which caused the accident. Doubtless the
principal purpose of the notice is to afford the proper
officers an opportunity to look into the facts and circum-
stances connected with the occurrence; to preserve
the evidence of the existing conditions; to deter-
mine the liability of the municipality; and, in case lia-
bility exists to effect a settlement without resort to liti-
gation. When therefore, such a notice is not mislead-
ing, but advises the municipality promptly of the acci-
dent and claim, so as to afford an opportunity for inves-
tigation, it is sufficiently definite, and satisfies the pur-
pose and requirements of the law. It is true, in this
case the accident is stated in the notice to have occurred
''on or about January 15, 1902,'' the precise time not
being stated, but the evidence shows that the occurrence
did actually take place on the night of the day men-
tioned, and there is nothing to show that any other ac-
cident happened on or about that time or at that place.
Nor is it claimed or shown that any officer was in any
way misled in any investigation because of the failure
to state the exact time. The statement as to time, there-
fore, cannot be held to have been prejudicial. So
the notice fails to state the exact spot where the acci-
dent occurred, simply stating that it happened on
''First West between Seventh and Eighth South''
streets; but both the notice and the evidence show that
the obstruction was of such a character that no officer,
in the exercise of ordinary care, could walk or drive
along the street at the place stated without observing

the dangerous condition of the sidewalk where the injury occurred. It is clear that the notice did not mislead the municipality, and considering it in its entirety, we are of the opinion that it was sufficiently definite to subserve the purpose of the statute, and that it was properly admitted in evidence. On similar questions other courts have ruled likewise. Burdick v. Richmond, 16 R. I. 502, 17 Atl. 917; City of Lincoln v. O'Brien, 56 Neb. 716, 77 N. W. 76; Rusch v. City of Dubuque, 116 Iowa 402, 90 N. W. 80; Owen v. City of Ft. Dodge (Iowa), 67 N. W. 281; Lyman v. Hampshire, 138 Mass. 74; Lowe v. Inhabitants of Clinton, 133 Mass. 526; Brown v. City of Owosso (Mich.), 85 N. W. 256; Harder v. City of Minneapolis, 40 Minn. 446, 42 N. W. 350.

The appellant further contends that the court erred in refusing to direct a verdict in favor of the defendant. This assignment of error is predicated upon two grounds, namely, the insufficiency of the notice of claim and failure of proof showing negligence on the part of the defendant. The answer to this contention is that, as we have seen, the notice was sufficient under the statutes, and the evidence respecting the negligence of the municipality was of such a character as to render the submission of the case to the jury imperative. The court therefore committed no error in this regard.

Nor do we think the court erred in refusing, under the facts and circumstances of this case, the several requests of the defendant to charge. The jury appears to have been properly instructed upon all material points. Upon careful examination of the record we find no reversible error.

The judgment is affirmed, with costs.

BASKIN, C. J., and McCARTY, J., concur.