[Crim. No. 98.   Third Appellate District.—October 25, 1909.]

THE PEOPLE, Respondent, v. MICHEL CARANTAN, Appellant.

CRIMINAL LAW—MURDER—IMPEACHMENT OF WITNESS—REQUESTED IN-STRUCTION—MODIFICATION—CREDIBILITY—ABSENCE OF PREJUDICE.— Upon a trial for murder, an instruction requested by the defendant that "a witness may be impeached by the party against whom he was called by contradictory statements, or by evidence that his general reputation for truth, honesty or integrity is bad," was not improperly modified by adding the words, "and the jury are the exclusive judges of his credibility." The modification, fairly construed, simply means that the jury are the exclusive judges of the weight and effect of the evidence as to his credibility, and does not invade the province of the jury, nor prejudice the rights of the defendant.

ID.—INSTRUCTION AS TO PROVINCE OF JURY—USE OF EQUIVOCAL STATU-TORY WORDS—"CONTROL OF COURT"—ABSENCE OF PREJUDICE.—An instruction that "the jury, subject to the control of the court, are the judges of the effect and value of the evidence addressed to them except when it is declared conclusive. Their power of judging of the effect of the evidence is not arbitrary, but to be exercised with legal discretion and in subordination to the rules of evidence," is not rendered prejudicial by incorporating the statutory words "sub-ject to the control of the court," taken from section 2061 of the Code of Civil Procedure, though that expression is somewhat equivo-cal, and might well have been omitted.

ID.—PRESUMPTION AS TO UNDERSTANDING OF JURY.—This court must assume that the jury understood the instruction to mean that while they were to be the exclusive judges of the weight of the evidence, in their deliberations they were to be guided by the general prin-ciples of law announced by the court.

ID.—WHOLE CHARGE TO BE CONSIDERED ON QUESTION OF PREJUDICE.— Where an expression used in an instruction is uncertain or equivocal, in the endeavor to ascertain whether the defendant was prejudiced thereby, the whole charge is to be considered; and where the whole body of the charge proceeds on the assumption and clearly implies that the jury were to determine all the facts in issue, and that the duty of the judge was to declare the law, the instruction as to the "control of the court" could not be prejudicial.

ID.—CONVICTION UPON AMPLE EVIDENCE NOT REVERSIBLE FOR INAPT PHRASE WITHOUT DAMAGE.—A conviction upon ample evidence is not to be reversed by reason of an inapt or uncertain phrase in an instruction, if it is not reasonable to conclude that the jury were thereby misled to the damage of the defendant.

11 Cal. App.—36

ID.—JURY NOT CONTROLLED—ABSENCE OF PREJUDICE APPEARING.—When, as matter of fact, the determination of the weight of the evidence and of the credibility of the witnesses was left to the jury without any attempt on the part of the judge of the court to control or influence their judgment, it becomes perfectly apparent that no harm was done by the use of the expression, "subject to the control of the court."

ID.—INSTRUCTION AS TO PROOF OF INSANITY—PREPONDERANCE OF EVIDENCE—TESTIMONY FOR PROSECUTION.—An instruction to the effect that the defendant must prove the defense of insanity by a preponderance of the evidence does not imply that no proof on the part of the prosecution is to be considered in determining the preponderance, and any doubt in that regard is removed by another instruction that "the defendant is entitled to the benefit of all evidence in his favor, whether produced upon the people's case or upon his defense; and if you believe that there is a preponderance of the evidence that defendant was insane at the time of the homicide, his act is excused, and it is your duty to acquit the defendant."

ID.—TRIAL—DEPARTMENTS OF SAME COURT.—The change of the case for trial from one department to another of the same superior court does not have the effect to vacate any preceding orders. The jurisdiction to try the case was in the superior court, as a legal entity, and not in one department thereof to the exclusion of another.

ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Affidavits on motion for a new trial on the ground of newly discovered evidence after conviction are presented under such circumstances of suspicion and distrust as to entitle them ordinarily to little weight, and where this court cannot say that the order denying the motion for a new trial on that ground was not entirely justified, its order will be affirmed.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order denying a new trial. Chas. M. Head, Judge.

The facts are stated in the opinion of the court.

Braynard & Kimball, for Appellant.

U. S. Webb, Attorney General, J. Charles Jones, and W. D. Tillotson, District Attorney, for Respondent.

BURNETT, J.—The defendant was convicted of murder in the second degree and sentenced to imprisonment for life in the penitentiary. The victim was his wife, and according to her dying statement the crime was strikingly atrocious.

It is not, indeed, claimed that the evidence is insufficient to support the verdict, but many points are made as to rulings of the court and certain instructions given and refused, some of which are not argued and only a few, in our judgment, can be the subject of candid disputation. Of these, in the order in which they are presented:

1. The defendant requested the following instruction: "A witness may be impeached by the party against whom he was called by contradictory evidence, or by evidence that his general reputation for truth, honesty or integrity is bad." The court gave it but added thereto this clause: "and the jury are the exclusive judges of his credibility." Appellant claims that "This modification emasculates the instruction, deprives it of life, and in effect tells the jury that their province of determining the credibility of a witness is not to be invaded by any impeachment of a witness in accordance with law." We do not so understand the instruction. When fairly construed, it simply means that the jury were to be the exclusive judges of the weight and effect of the evidence as to the credibility of the witness. As a proposition of law this cannot be disputed. There is nothing in the language used from which the jury could infer that due regard should not be paid to the evidence received as to the credibility of any witness. In view of other instructions, it was probably unnecessary for the court to add the said modification, but we can see in it no invasion of the province of the jury nor anything prejudicial to the rights of the defendant.

2. On the request of the prosecution this instruction was given: "The jury, subject to the control of the court, are the judges of the effect and value of evidence addressed to them, except when it is declared to be conclusive. Their power of judging of the effect of evidence is not arbitrary, but to be exercised with legal discretion and in subordination to the rules of evidence.".

Appellant had requested the same instruction with the exception of the phrase "subject to the control of the court." It was refused for the reason that it was covered by other instructions. Of this action of the court complaint is made, and it is contended that the jury are not subject to the control of the court in determining the effect and value of the evidence except when declared to be conclusive, and that the

instruction as given is subject to this imputation of the court's interference with the jury's prerogative.

It is to be observed that the said qualification is prescribed by the code (Code Civ. Proc., sec. 2061), and while the expression is somewhat equivocal and might well have been omitted, we must assume that the jury understood it to mean that while they were to be the exclusive judges of the weight of the evidence, in their deliberations they were to be guided by the general principles of law announced by the court. At most, the expression is subject to criticism for uncertainty, but in the endeavor to ascertain whether defendant was prejudiced, we must, of course, consider the whole charge. A conviction upon ample evidence is not to be reversed by reason of an inapt or uncertain phrase unless it be reasonable to conclude that the jurors were thereby misled to the damage of the defendant. In other instructions, as we have seen, the jury were told that they were the exclusive judges of the credibility of the witnesses, and thereby any possible misunderstanding as to the full import of the phrase under consideration was rendered harmless. In fact, the whole body of the charge proceeds upon the assumption, and clearly implies that the jury were to determine all the facts in issue, and that the duty of the judge of the court was to declare the law. The only rational inference from the instructions, considered as a whole, is that the jury alone were to determine the effect of the evidence, that their action, however, was not to be arbitrary, but in subordination to the rules of evidence, and that in discharging this duty they were to be mindful of the law as declared by the court. Indeed, this technical instruction proposed by defendant means very little to the average juror, and to it he probably pays very little heed. The essential principle involved was presented more satisfactorily, and in terms easily understood, when the jury were plainly told that every material fact essential to a conviction must be proved beyond a reasonable doubt, and in the other instructions containing the doctrine of the law as to insanity and every phase of self-defense, and charging the jury as to the degree of proof required and the principles by which they must be governed in rendering a verdict.

But a complete answer to appellant's criticism of the phrase is that the determination of the weight of the evi-

dence and of the credibility of the witnesses as a matter of fact was left to the jury, without any attempt on the part of the judge of the court to control or influence their judgment, and hence it is perfectly apparent that no harm was done by the use of said expression.

3. Appellant claims that "the court in effect told the jury that the evidence and proof of insanity must come from the defendant and that they could wholly disregard the evidence of insanity brought out on the people's case." But the conclusion is wholly unwarranted. The contention is based upon the use of the word "proof" in the following instruction: "The proof as to the defense of insanity is on the defendant; and this insanity must be established by a preponderance of evidence; that is to say, before the defendant can be acquitted on the ground of insanity it must appear by a preponderance of the evidence that at the time the homicide was committed there was such a disordered or deranged condition of his mental faculties as to render him incapable of distinguishing between right and wrong in relation to the particular act with which he is charged." The context shows that the word "proof" was used for "burden of proof," and nowhere does it appear that the jury were directed to consider only the evidence offered by the defendant. If any doubt as to this might arise from the instruction standing alone, it was completely removed by another instruction as follows: "The defendant is entitled to the benefit of all evidence in his favor, whether produced upon the people's case or upon his defense, and if you believe that there is a preponderance of the evidence that defendant was insane at the time of the homicide, his act is excused and it is your duty to acquit the defendant."

4. There are two departments of the superior court of Shasta county. It appears that the case was regularly set for trial in department No. 2 thereof for January 4, 1909. Prior to this time and on September 21, 1908, the presiding judge of this department, the Honorable George W. Bush, had regularly drawn a jury for the trial of the cause, but in the meantime, by election, Judge Barber succeeded to the position of judge of said department No. 2. He had represented the defendant at the preliminary examination, and being therefore disqualified in the matter, on December 12, 1908, he transferred the cause to department No. 1 for trial.

Appellant claims that department No. 1 had no jurisdiction to try said case, and erred in proceeding with the trial of the same over the objections of defendant. It is also insisted that where a case has been assigned from one department to another department of the superior court, all previous orders such as here under consideration are thereby vacated and set aside. We think neither position can be maintained on principle or by authority. The jurisdiction to try the cause was in the superior court of Shasta county and not in either department to the exclusion of the other.

It is aptly said in *White* v. *Superior Court,* 110 Cal. 67, [42 Pac. 482], that "The jurisdiction of causes is vested by the constitution in the court, not in any particular judge or department thereof. The constitution in fact says nothing about departments. It provides that there may be as many sessions of the court at the same time as there are judges, but whether sitting separately or together the judges hold but one and the same court, and the jurisdiction they exercise in any cause is that of the court and not the individual. . . . Transferring a cause for trial or disposition from one of those departments to another does not effect a change or transfer of the jurisdiction of that cause; that remains at all times in the court as a single entity."

"The entire procedure," as stated in *Brown* v. *Campbell,* 110 Cal. 648, [43 Pac. 13], "from the commencement of the action to the execution of the judgment is in one court, and there is no opportunity for conflict of jurisdiction either in pronouncing a judgment or in its execution after it has been rendered." If it be true that the court is but a single entity and that it is divided into departments simply for convenience and the expedition of business, it necessarily follows that department 1 had the same jurisdiction to try the cause as department 2, and that it must proceed with it just as it finds it when the transfer was made. Otherwise, it has not the same jurisdiction. The situation is exactly the same in principle as though the judge of department 1 had been called into department 2 to try the case. In that event it would not be contended for a moment that the former proceedings must be set aside.

There is nothing in the case of *People* v. *Wong Bin,* 139 Cal. 60, [72 Pac. 505], opposed to the foregoing. There the objection was that the jury was not properly selected, hav-

ing been taken from two different panels for different departments. The requirement of the statute was not observed, and the supreme court very properly held that the jury was not legally impaneled. It is, of course, true, as stated therein, that the departments of the court are distinct for the trial of causes, but this obvious circumstance does not affect the question here, as there was no change of judges during the actual trial of the cause.

5. There was no prejudicial error committed by the court in its rulings upon questions of evidence. We can see no necessity for a specific review of them, as they are all based upon elementary principles and amply supported by authority.

6. The only ground for a new trial concerning which any comment seems appropriate is that of "newly discovered evidence." The position of appellant in that regard is stated by him as follows: "Upon the trial of said case, defendant did not testify in his own behalf. Upon the hearing of the motion for a new trial defendant presented his own affidavit, corroborated by the affidavits of his attorneys, C. F. Kimball and C. H. Braynard, as well as by the affidavit of his physician, Dr. L. A. Bauter, showing that he was not able to remember the events leading up to the shooting or what transpired at the time of the shooting until after the trial of the case. Although Dr. J. D. Young and Dr. L. F. Dozier (witnesses subpoenaed by the prosecution) were in constant attendance upon defendant during the trial of the case. the prosecution made no counter showing upon the motion for a new trial. In his affidavit on motion for a new trial, the defendant details the facts and circumstances of the homicide and the events leading up to it, disclosing a clear case of self-defense. In view of the fact that there were no eyewitnesses to the actual shooting, that deceased had made two previous murderous attacks upon defendant on the morning of the homicide, that the previous character of deceased for peace and quiet and truth was bad, that deceased had threatened in the presence of witness Rusconi to kill defendant, that defendant's previous character for peace and quiet was good, that defendant was so crippled in body and mind that he could not recall the circumstances of the homicide or the events leading up to it, it was an abuse of discretion to deny his motion for a new trial."

Such affidavits, however, after conviction are presented under such circumstances of suspicion and discredit as to entitle them ordinarily to little weight. The trial court, considering the improbability of the sworn statement of appellant as to his mental condition and doubtless recalling the testimony of witnesses at the trial as to declarations of appellant regarding the homicide, which showed his distinct recollection of the occurrence, and probably having in mind the appearance and conduct of appellant at the time, and the omission of his skillful counsel to offer the testimony of any alienist as to his mental sanity, no doubt concluded that his affidavit was an afterthought and utterly unworthy of credence.

At any rate, we cannot say that the order denying the motion for a new trial was not entirely justified. We think it proper to add, in conclusion, that if the same careful consideration for the rules of evidence and proper regard for the rights of the defendant were always shown as the record here discloses on the part of the district attorney and the trial judge, very few criminal cases would be reversed, and thereby much occasion for the criticism of our administration of the criminal law would be removed.

We find no prejudicial error in the record and the judgment and order are affirmed.

Hart, J., and Chipman, P. J., concurred.