[No. 11170.    Department Two.    October 10, 1913.]

AGNES P. JENNINGS et al., Respondents, v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, Appellant.[1]

JURY—JURY TERM—EXTENSION OF TERM. Under Laws 1911, p. 315, § 4 (3 Rem. & Bal. Code, § 94-4), providing that jury terms shall commence on the first Monday of each month and end on the Saturday preceding the first Monday of the next month, unless the day commencing or ending said term shall be changed by order of the judge, an order extending a jury term should be made before the term expired, and an order made thereafter is not a substantial compliance with the statute.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered December 7, 1912, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries.    Reversed.

*James B. Howe* and *A. J. Falknor*, for appellant.

*Frank E. Green*, for respondents.

MAIN, J.—The purpose of this action is to recover damages for personal injuries which had been sustained by the plaintiff Agnes P. Jennings.

But one question is here presented for determination, and the facts will be set out only in so far as may be necessary to present that question.    On October 14, 1912, the superior court for King county, by appropriate order, directed the clerk of the court to draw from the jury boxes the names of a sufficient number of persons to serve as petit jurors during the month of November, 1912, for the various departments of

[1]Reported in 135 Pac. 468.

the court that might need jurors during the month.  For department No. 8, there were drawn from the jury box the names of forty persons.  On November 9, 1912, the superior court, by appropriate order, directed the clerk to draw from the jury boxes the names of a sufficient number of persons· to serve as petit jurors during the succeeding month of December.  On Friday, November 29, 1912, the present cause came on regularly for trial in department No. 8 of the superior court for King county.  At this time, the judge presiding in this department was engaged in the trial of another action, and the parties to this action stipulated that the jury might be empaneled by the judge presiding in department No. 6.  Thereupon the cause was transferred to the latter department for that purpose.  Twelve jurymen who were summoned to serve for the month of November were called into the jury box in department No. 6 for examination touching their qualifications to act as jurors in the action, and were passed for ·cause by both sides.  The plaintiffs waived their peremptory challenges.  The defendant thereupon exercised one of its peremptory challenges, leaving eleven jurors who had been passed for cause.  It then appearing that no more jurymen were in attendance, and the following day being Saturday, which is motion day in the superior court for King county, the trial of the cause was continued by the judge of department No. 6 until December 2, 1912, at 9:30 o'clock a. m. before the judge presiding in department No. 8.

On December 2, 1912, at 9:30 o'clock a. m., the empaneling of the jury was resumed in department No. 8.  Before any other proceedings were had, the defendant's counsel challenged each of the eleven jurors who had been temporarily passed for cause on the Friday preceding, for the reason that the term of these jurors had expired on Saturday, November 30, 1912.  The trial court thereupon directed an order to be made extending the time of service of the jurors in attendance for the month of November for a period of two days. The defendant's challenge to the eleven jurors was overruled.

Upon another juror being called, it appeared from her examination that she was a juror summoned to serve during the month of November. The defendant to this juror interposed a challenge for cause on the ground that her term of service had expired, and she was therefore incompetent to serve as a juror. This challenge was overruled. The plaintiffs waived their peremptory challenge as to this juror. Thereupon the defendant exercised its second peremptory challenge. Whereupon another juror was called. From his examination it appeared that he, also, was one of the November panel, and was challenged for cause by the defendant upon the same ground as that interposed as to the other juror. This challenge was overruled. The defendant then exercised its third and last peremptory challenge. The examination of the next jury-man showed that he, also, was a member of the November panel, and was likewise challenged for cause, which was overruled. Thereupon, the twelve jurors which were in the box were sworn to try the cause. The trial resulted in a verdict and judgment for the plaintiff in the sum of $300. The defendant appeals.

The question to be considered is, whether the court, on December 2d, had the power to enter an order extending the jury term of the three persons called into the jury box on that date for the first time in this case.

To determine this question, resort must be had to the language of the statute. By the Laws of 1911, p. 315, § 4 (3 Rem. & Bal. Code, § 94-4), it is provided:

"Jury terms shall commence on the first Monday of each month, and shall end on the Saturday preceding the first Monday of each month, unless the day of commencing or ending said term be changed by order of the judge or judges of the superior court;  . . ."

This statute fixes the ending of the jury term on the Saturday preceding the first Monday of the following month, unless the term be enlarged by an order of the superior court. Applying the statute to the facts in the present case, the

terms of the three jurors last sworn in the cause had expired on November 30th, which was the last Saturday of that month. When they appeared in court on Monday morning, December 2d, they were not then jurymen, their term having already expired. If the court could extend the term after it had expired two days, it could do so after a week, or a month. If the order extending the time is entered before the period of jury service expires, it operates merely to continue the term of those then serving as jurors. On the other hand, if the order is entered after the expiration of the term, its effect is to endow citizens not then jurors with that function. It seems to us that the statute contemplates that the order extending the term must be entered before the term expires. Where the statute, as in this state, provides a method by which jurors are to be selected, it is necessary that the statutory provisions be substantially complied with. In the case of *People v. Wong Bin*, 139 Cal. 60, 72 Pac. 505, the court, speaking upon this question, said: "Where the statute provides a method for the selection of juries, that statute must be at least substantially followed." In the present case, the order was entered after the term had expired. This, we think, was not a substantial compliance with the statute.

The judgment will be reversed, and the cause remanded for new trial.

CROW, C. J., ELLIS, and MORRIS, JJ., concur.