[Crim. No. 874.   First Appellate District, Division Two.—October 13, 1920.]

## THE PEOPLE, Respondent, v. TONY AGRUSA, Appellant.

[1] CRIMINAL LAW—ARSON—RIGHTFUL OCCUPANCY OF BUILDING—EVIDENCE.—The requirement that a building, to be the subject of arson, must be, at least, rightfully in the possession or occupancy of another at the time of the offense, is met by proof that, at the time of the offense, thirty-five persons as lodgers were in the rightful possession and occupancy of a portion of the premises.

[2] Id.—Instructions—How Construed.—In a criminal prosecution, the entire instructions on a given question are to be taken together, and defendant cannot predicate error upon a single instruction.

[3] Id.—Reasonable Doubt of Guilt—Instructions.—In this prosecution for the crime of arson, when the entire instructions are read it appears clearly that, by the use of the word "satisfactorily" in an instruction, "The accused person under our system is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether or not his guilt is satisfactorily shown, he is entitled to an acquittal," the jury were not led to believe that the question as to what proof was satisfactory was left to the individual whim of each juror, varying with the credulity or incredulity of each juror, but they were definitely instructed that the presumption of innocence abides with the defendant until the evidence convinces them to the contrary beyond a reasonable doubt.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Michael J. Roche, Judge. Affirmed.

The facts are stated in the opinion of the court.

William Sea, Jr., for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment of conviction of the crime of arson. Defendant was charged with willfully, unlawfully, feloniously and maliciously, on January 23, 1918, in the night-time of said day, setting fire to and burning and causing to be burned that certain inhabited structure, building, and dwelling-house of one Albert J. Nymand, known and designated as No. 607 Vallejo Street, situated in the city and county of San Francisco, and with the felonious intent then, there, and thereby to destroy the same, the said structure, building, and dwelling-house, as aforesaid, being then and there actually occupied and inhabited by human beings. Defendant pleaded not guilty and upon the trial it was shown:

1. The crime of arson and who may commit, note, 101 Am. St. Rep. 21.

That defendant conducted a musical instrument store in the premises at 607 Vallejo Street. This was a three-story frame building, on the first floor of which was the store of defendant and the upper two stories of which building were occupied by lodgers. The fire occurred about 2 o'clock in the morning, and was plainly of incendiary origin. The cause of the fire was apparent from the testimony of the fire chief and his assistants and the policemen on duty in the neighborhood, all of whom arrived upon the scene within a few moments after an explosion had blown out the front window of the store. They found several hat boxes upon the floor about four feet apart in a line. These boxes contained gasoline, and the flames were springing up in a straight line directly from these receptacles. Some of these containers were introduced in evidence, as were also pictures showing the condition of the premises after the fire. The officers broke open the door of the building and were obliged to send for reinforcements to get the lodgers out of the building. The defendant was notified by a police officer of the fire at his store, and he came to the premises while the firemen and police officers were there. He was questioned by the fire chief and by the police officer and he stated, according to their testimony, that he was the only person who had a key to the store. The prosecution introduced testimony to the effect that the value of the musical instruments, fixtures, etc., in the store was approximately twelve hundred dollars. The contents of the store was insured for two thousand dollars.

Appellant's principal objection is that no proof was offered as to the ownership of the building, and that "the evidence shows that, for the purpose of this case, the appellant Tony Agrusa was the owner of 607 Vallejo Street; that 607 Vallejo Street was a musical instrument store and not an inhabited structure, building, and dwelling-house."

Section 452 of the Penal Code provides: "To constitute arson it is not necessary that a person other than the accused should have had ownership in the building set on fire. It is sufficient that at the time of the burning another person was rightfully in possession of, or was actually occupying such building, or any part thereof."

In support of his contention that the record does not show the building at 607 Vallejo Street to have been inhabited

by human beings, appellant sets out in his brief what he asserts to be all of the evidence upon this question. An examination of the transcript discloses, in addition to the matter set out in appellant's brief, the following from the testimony of the fire marshal: "Do you know the premises numbered 607 Vallejo Street, in the city and county of San Francisco? A. I do. . . . Q. How are the two upper floors or stories of said building occupied? A. It is occupied as a lodging-house. Q. Do you know how many lodgers were in the building that night [the night of the fire]? A. Thirty-five lodgers in the building."

Also, we find the following testimony by the battalion chief of the San Francisco Fire Department: "Q. Do you know the premises numbered 607 Vallejo Street, Chief? A. Yes, sir. Q. Do you know how those premises are occupied and how they were occupied on the 23d of January, 1919? A. They were occupied as a store, and lodging above the stores. . . . Q. Upon the morning in question, namely, upon the morning of the 23d day of January, 1919, were the upper two floors or stories of that building occupied? A. They were occupied. There were lodgers in them, and I sent for reinforcements to get them out."

[1] It is true that the case of *People* v. *De Winton*, 113 Cal. 404, [54 Am. St. Rep. 357, 33 L. R. A. 374, 45 Pac. 708], holds that under section 452 of the Penal Code, "to be the subject of arson, the building must be at least the qualified property of another—must be, at least, rightfully in the possession or occupancy of another at the time of the offense." But, surely, this requirement is met by proof that the building, at the time of the offense, was occupied by thirty-five persons as lodgers. It is not necessary that any of these lodgers be the actual owner of the premises. It is sufficient that these lodgers were in the rightful possession and occupancy of a portion of the premises at the time of the alleged crime. The actual ownership of the building is expressly made immaterial by the provisions of section 452 of the Penal Code, and any statements respecting the same contained in the information may be treated as surplusage.

Appellant relies upon the case of *People* v. *Myers*, 20 Cal. 76, to support his position that the ownership of the building is an essential part of the description of the offense

of arson, and must be proven. This case is not in point here for the reason that it was decided in 1862, ten years before the enactment of the section of the Penal Code above referred to, and at a time when the common law upon this question remained unmodified in this state. The statements of law in that opinion are modified in this state now by the above-quoted provisions of the Penal Code.

Appellant complains of the following instruction: "The accused person under our system is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether or not his guilt is satisfactorily shown, he is entitled to an acquittal." The specific objections made by appellant are that the first part of the instruction should have contained the words, "beyond a reasonable doubt," after "proved"; and that the latter portion of the instruction should not have contained the word "satisfactorily." It is argued in connection with this last objection that the word "satisfactorily" can only mean in this connection, "by a preponderance of evidence," and, therefore, it is erroneously used in the instruction. It is unnecessary for us to enter upon a pedantic discussion of the precise meaning of the word "satisfactorily" as used in this instruction. [2] The entire instructions on a given question are to be taken together, and the defendant cannot predicate error upon a single instruction. (*People* v. *Worden,* 113 Cal. 569, [45 Pac. 844]; *People* v. *Carantan,* 11 Cal. App. 561, [105 Pac. 768].) [3] When the entire instructions in this case are read, it appears clearly that the jury were not led to believe that the question of what proof was "satisfactory" was to be left to the individual whim of each juror, varying with the credulity or incredulity of each juror, but that they were definitely instructed that the presumption of innocence abides with the defendant until the evidence convinces you to the contrary *beyond a reasonable doubt.* "Reasonable doubt" was then clearly defined by the court. Further, the jury was instructed: "In order to convict the defendant of arson as charged in the information, the evidence must show *beyond a reasonable doubt,* etc." And further: "I instruct you that in order to convict the defendant upon circumstantial evidence it is necessary not only that all the facts concur to show that he committed the crime charged, but that they are inconsistent with any other reasonable conclu-

sion. It is not sufficient that the circumstances proven coincide with, account for or render probable the hypothesis of guilt, but they must exclude to a moral certainty every other hypothesis but the single one of guilt, or the jury must find the defendant not guilty." The court also instructed: "If you are *satisfied* beyond a reasonable doubt that the defendant, etc." It would, therefore, appear that the use of the word "satisfactorily" in the instruction complained of, taken in connection with all the other instructions given, could have conveyed no other impression than that the proof must be "satisfactorily" made from the standpoint of excluding all reasonable doubt as such doubt was defined by the court.

Without quoting further from the charge to the jury, it is sufficient to say that it appears from a reading of all the instructions that the jury could not have been misled by the instruction of which complaint is made, and that the appellant was in no way prejudiced thereby.

The judgment is affirmed.

Brittain, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 9, 1920.

All the Justices concurred.