ALBANY,
Jan. 1836.

The People
v.
Gates.

----

### The People *vs.* Gates.

In an indictment for *arson*, the house or building set fire to or burned must be described as the house or building of the *person in possession*; and it was accordingly *held* in this case, where the building burned was alleged in the indictment as the building of the *owner*, and the proof was, that at the time of the committing of the offence it was in the possession of a *tenant*, that the accused could not be convicted.

*Criminal cases* tried at the sessions or oyer and terminer will not for the future be heard upon a case made for the *advice* of this court, unless brought up by *certiorari*.

WILLIAM GATES was convicted of the crime of *arson* in the *second degree*, at the Erie oyer and terminer in March, 1835, and judgment was respited to obtain the advice of this court on a case made. The indictment contained six counts. In the *first* the prisoner was charged with having on, &c. *in the night time* wilfully set fire to and burned the *dwelling house* of *John A. Newbold*, situate, &c.; such house being adjoining to and within the curtilage of an inhabited dwelling house of one *Aaron Rumsey*, in which last mentioned dwelling house there was at the time a human being; by means of which the last mentioned house was endangered. The *second* count charged generally the setting fire to and burning in the night time the dwelling house of Newbold. The *third* count charged the setting fire to and burning in the night time a *shop* of *Newbold*, being adjoining to and within the curtilage of an

inhabited dwelling house of Aaron Rumsey, in which last mentioned dwelling house there was at the time a human being, to wit, James Sherman; by means of which the last mentioned dwelling house was endangered.   The *fourth* count charged generally the burning in the night time the *shop* of Newbold.  The *fifth* count charged the prisoner with arson in *the first degree* in burning the *dwelling house of Newbold ;* and the *sixth* count contained a like charge for burning the dwelling house of *Rumsey.*   It was proved on the trial, that in the early part of March, 1835, a building belonging to *John A. Newbold* was burnt down in the *night time,* it being occupied at the time as a *joiner's shop,* by workmen in the employment of one *Charles M. Read,* to whom the building had been let from week to week.   The fire communicated to an adjoining *dwelling house* belonging to *Aaron Rumsey,* which was principally consumed, and which at the time was occupied by persons holding as tenants to Rumsey.   After the evidence relied on to convict the prisoner was closed, his discharge was moved for on the ground of the *variances* between the indictment and proof.   The judge overruled the objections, and the jury under his charge found the prisoner guilty of arson in the second degree. The case was argued in this court at the last October term, by *Greene C. Bronson,* attorney general, for the people, and by *S. M. Woodruff* for the prisoner.

*By the Court,* SAVAGE, C. J.   The revised statutes make four degrees in the crime of arson.   Arson in the *first degree* is declared to consist in wilfully setting fire to, or burning in the *night time,* a dwelling house in which there shall be at the time some human being;  and every house, prison, jail or other edifice, which shall have been usually occupied by persons lodging therein at night, it is declared shall be deemed a dwelling house of any person so lodging therein, 2 *R. S.* 657, § 9;  but no warehouse, barn, shed or other out-house shall be deemed a dwelling house or part of a dwelling house within the meaning of the last section, unless the same be joined to, immediately connected with, and part of a dwelling house. *Idem,* § 10.   Every person who shall wilfully set fire to, or burn in the *night time* any shop, warehouse or other building

not being the subject of arson in the first degree, but adjoining to or within the curtilage of any inhabited dwelling house, so that such house shall be endangered by such firing, it is declared by the statutes, shall, upon conviction, be adjudged guilty of arson *in the second degree.* 2 *R. S.* 666, § 2. If the accused actually set fire to the *shop* which was burned, the jury were right in finding him guilty of arson in the second degree, because: 1. the fire was set in the night time, and 2. the building set on fire was a shop adjoining to an inhabited dwelling house, which house was not only endangered by such firing, but principally consumed.

The principal question, however, in this case is, whether any count in the indictment correctly described the building to which the fire was set, and which was burned. In all the counts it is described as the house of *John A. Newbold.* Newbold was in fact the *owner* of the house, but he was not *in the possession* thereof. "The offence of arson is deemed at common law to be the voluntary and malicious burning of the house or barn of *another.*" 3 *Chitty's Cr. Law,* 1104. "The name of the owner of the house must be stated as in the case of burglary, though if he cannot be asertained, it may be alleged as the house of a person unknown." Mr. *East* says, 2 *East's P. C.* 1034, an indictment for arson must, upon the face of it, appear to be of *the house of another;* and it must also state whose house, and with that the proof must agree. It was so held by all the judges in *Rickman's case.* At page 1022 he says, that in order to shew that the house was the house of another, it must be laid and proved to be in the possession *suo jure* of some other than the prisoner himself at the time of the fact committed. It was adjudged in *Holme's case, Cro. Car.* 376, that it was no felony to burn a house whereof the prisoner was in possession by virtue of a lease for years; that the burning of houses is not felony unless they are *odes alienæ.* It seems that Mr. Justice Foster was of a different opinion as to laying the ownership in the indictment. Speaking of *Holme's case,* he says, the house might with strict legal propriety have been considered as the house of the landlord. *Foster's Cr. Law,* 116. But in the very case in which he

made this remark, the majority of the court expressed the opinion that the owner of the freehold and inheritance may be guilty of felony in burning his own house in possession of another under a lease. *Idem*, 115. In *Breeme's case* it was again decided, that arson is the burning the house of another, that it is an offence immediately against the possession, and therefore if a person in possession of a house as tenant, however short his term may be, set fire to it, it is not arson. And in *Pedley's case*, the house had been demised by the mayor of Bristol to C. for 99 years, by him to P. for a year, and by P. to L. for three months, and L. was in possession when the house was burned. As there was no count in the indictment stating it to be the house of L., judgment was given for the prisoner, the court holding that arson was an offence against the *possession of another*. In the case of *The People* v. *Van Blarcum*, 2 *Johns. R.* 105, the defendant was convicted of setting fire to the jail; it was described in the indictment as the dwelling house of J. F. who was the jailer and lived in the house. The court said, "If one be indicted for burning the dwelling house of another, it is sufficient if it be in fact the dwelling house of such person. The court will not inquire into the tenure or interest which such person has in the house burnt; it is enough that it was his actual dwelling at the time." I have already referred to the section of the revised statutes which defines arson in the first degree, which is punished with death. "It consists in wilfully setting fire to, or burning in the night time, a dwelling house in which there shall be at the time some human being; and every house, prison, jail, or other edifice, which shall have been usually occupied by persons lodging therein at night, shall be deemed a dwelling house of *any person so lodging therein*." It seems to have been intended to obviate all difficulty as to laying the ownership in the indictment, and of proving the title on the trial. It may be laid as the dwelling house of any person usually lodging therein at night.

The statute does not say in terms that the house, the burning of which in the night time constitutes arson in the first degree, shall be the house of *another*; but such must necessarily be the construction. In defining arson in the third degree,

the language is this : "Every person who shall wilfully set fire to or burn in the night time, *the house of another*, not the subject of arson in the first or second degree," shall be adjudged guilty of arson in the third degree. 2 *R. S.* 667, § 4. The legislature did not intend to require greater particularity in the offence in t..e third degree, than in the first and second, in both of which the punishment is more severe than in the third. According to the literal construction of the section defining the offence of arson in the first degree, a man might be punished with death for burning his own house in his own possession. I apprehend such was not the intention of the legislature, but that the common law may be called in aid of the definition of the offence, particularly when taken in connection with the section above referred to, defining arson in the third degree. If this qualification should be annexed to the offence of arson in the first degree, it must be equally applicable to the same offence in the second degree ; and testing this indictment by the rules laid down in the books which have been cited, it will be found defective. There is no count which describes the shop to which the fire was set, as the shop or house of the lessee *Read*. If, as is decided in the cases cited, the offence of arson is an offence against the possession, then the house or building should be described as the house or building of the person in possession ; and for this purpose any person who lodges at night in the house may be considered in possession ; the house " shall be deemed a dwelling house of any person so lodging therein." So by analogy, any building the burning of which is arson, must be deemed the building of the person in possession. The indictment is therefore bad—or rather, the offence is not proved as laid, and judgment should not be rendered upon the verdict. It happens in this case, that an adherence to technical rules operates in favor of justice, as there is no testimony in the case to warrant the conviction. The court below is advised either to grant a new trial or to discharge the prisoner.

NOTE. During the present term the court were applied to, to hear an argument and give their advice in a case of *embezzlement*, tried at the Ontario general sessions : the

ALBANY,
Jan. 1836.

court announced that they had resolved to change their practice in this particular, and that such cases would for the future be heard only when brought up by *certiorari*.