SUPREME COURT.    Orange General Term, July 1854.  *Brown,*
    *S. B. Strong* and *Rockwell,* Justices.

## THE PEOPLE *vs.* JOHN HENDERSON.

Arson is an offence against the property of another; and a person can not become guilty of arson in the first degree, by setting fire to his own house.

To convict a person of arson in the third degree, under § 5, 2 *R. S.* 667, it is necessary to allege that the house was insured against loss or damage by fire and that the offence was committed with intent to defraud the insurance company: under that section a person may be convicted of burning his own dwelling house, but it is still an offence against the property of another, the object of the crime being to defraud the insurer, who has an interest in the preservation of the property.

Where an indictment for arson charged that the prisoner, in the night time, feloniously set fire to his own dwelling house, in which there were at the time divers human beings, with intent to burn the said dwelling house and with intent, thereby, to defraud the Poughkeepsie Mutual Insurance Company, on demurrer, it was held that the indictment was not sufficient to bring the offence within the first degree, because it was not the dwelling house of another, and that it was not sufficient under the third degree, because it was not alleged in the indictment that the property was insured, and the indictment was adjudged to be bad.

Error from the Orange County Oyer and Terminer.

*T. McKissock,* for defendant.

*C. H. Winfield,* (Dist. Att'y,) for the people.

*By the Court,* ROCKWELL, J. — The prisoner was indicted before the Court of Oyer and Terminer of Orange County for arson.   The indictment charged in substance, that the prisoner, in the night time, feloniously set fire to his own dwelling house, in which there were at the time divers human beings, with intent to burn the said dwelling house, and with intent thereby to defraud the Poughkeepsie Mutual Insurance Company.   A general demurrer was put in, which was overruled by the Court of Oyer and Terminer, and the prisoner thereupon by leave of the court pleaded not guilty and was tried, and

a general verdict of guilty rendered. A writ of error has been sued out in behalf of the prisoner, and the question presented under it is, Did the Court of Oyer and Terminer err in overruling the demurrer?

It is contended on the part of the people that the indictment charges the crime of arson in the first degree. This is disputed on the part of the prisoner, upon the ground that a person can not become guilty of the crime in that degree by setting fire to his own house. The offence of arson, which is a felony at the common law, is defined by Lord Coke to be the voluntary and malicious burning of the house of another by day or night. (3 *Inst.* 66; 1 *Hale, P. C.* 566.)

The burning of a man's own house is no felony at common law. But if a man set fire to his own house maliciously, intending thereby to burn the adjoining house, if the latter is burned it is felony; if not, it is a great misdemeanor. (1 *Hale P. C.* 568; 2 *East, P C.* 1027).

Arson, as well by the statutes of this state, as by the common law, is an offence against property. It consists in destroying the property of another, through the agency of fire.

In the first degree it is defined by statute as follows: "Arson in the first degree consists in willfully setting fire to, or burning, in the night time, a dwelling house, in which there shall be at the time some human being, and every house, prison, jail or other edifice, which shall have been usually occupied by persons lodging therein at night, shall be deemed a dwelling house of any person lodging therein. (2 *R. S.* 657, § 9.) In this degree it is punishable with death, and is the only offence against property which in this state is so punishable. The peculiar characteristics of this degree of arson, which render it more atrocious than any other offence against property, are:

1. It is directed against a species of property which is more indispensable to the owner than any other, namely, his dwelling house. The design and tendency of the crime is, to deprive him of the shelter of his roof, and the security and comfort of his home. For this reason, it is held to be an

offence against the possession, and therefore the house or building, which is the subject of the crime, must be described in the indictment as the house or building of the person in possession, or in other words of him whose dwelling or home it is. (*The People* v. *Van Blarcum*, 2 *Johns. R.* 105.)

2. It is committed in the night time and while there is in the house some human being. The natural and usual consequences of the crime are, that the lives of the inmates of the house are imperiled, and they are driven out in the darkness of night, from the shelter and all the comforts of their home. The offence is marked with the most deliberate and atrocious malice. It is not perpetrated in the heat of passion, but coolly and stealthily, usually without any view of pecuniary gain, and the consequences are such as no mind which is not utterly hardened and depraved, can even contemplate with complacency. But still it is an offence against property. The word " arson " signifies the burning of property. If it is an offence against property, how can it be committed against a man's own property? The right of property, which is one of those fundamental rights which laws are instituted to protect, imports an absolute dominion of the owner over his property He may use it as he pleases, or destroy it if he sees fit, if he does not thereby injure another.

Although it is not expressly stated, in the statutory definition of arson in the first degree, that it consists in burning the dwelling house of another, yet it is to be remembered that the offence defined is arson, which is a term having a known and certain meaning in law, as well as in common parlance. If we call in the common law in aid of the statute, as I think we should do, we find that the word arson means, the burning of the house of another. Unless the statutory definition therefore expressly extends the offence to a man's own property, the use of the term itself restricts it to the property of others. (*The People* v. *Yates*, 15 *Wend.* 159.)

By the express terms of the statute a person may commit arson in the third degree by burning his own house, in case the house is insured against damage by fire, and the offence is

committed with intent to prejudice the insurer. (2 R. S. 667, § 5.)

The indictment, in the present case, is insufficient to charge the prisoner with this degree of arson, because although it contains the allegation that the offence was committed with intent to defraud the Poughkeepsie Mutual Insurance Company, it does not contain the necessary allegation that the house was insured. (2 R. S. 667, § 5.)

The principle, upon which the last mentioned section of the statute is founded, is in perfect harmony with the view above suggested, that arson is an offence against property, and can not be committed where a man only burns his own house without thereby injuring or endangering the house or property of another. For where the house is insured and it is burned by the owner with intent to defraud the insurer, the design and tendency of the crime is to invade the right of property of such insurer. The insurer by his contract of insurance, has acquired, an interest in the preservation of the house from destruction or damage by fire.

Arson in the first degree is not necessarily a crime against human life, or the personal safety of others. Although the endangering of human life is a frequent consequence of its commission, it is not one of its necessary characteristics. The offence may be complete, without the life of any human being having been put in the slightest peril. It by no means follows, that because some person is in the dwelling set fire to at the time of the commission of the offence, that the life or safety of such person is endangered. The probable danger to life is undoubtedly one of the circumstances which aggravates the offence, but it does not constitute it. The crime itself is arson, not an attempt to commit homicide, nor does it consist in doing an act likely to produce the death of another unless such act is at the same time arson, which, as has been already shown, can only consist in burning the house of another. I think the Court of Oyer and Terminer erred in overruling the demurrer.

Judgment of the Oyer and Terminer reversed and judgment for defendant on demurrer.