.[Crim. No. 108.    Department One.—July 22, 1896.]

THE PEOPLE, APPELLANT, v. WILLIAM W. DE WIN-
TON, RESPONDENT.

CRIMINAL LAW—ARSON—BURNING ONE'S OWN HOUSE.—A building to be the
subject of arson must be at least the qualified property of another; and
an indictment charging a defendant with the crime of arson in setting
fire to and burning his own house, charges no offense, even though the
burning was with intent to destroy other inhabitants' buildings.

ID.—INDICTMENT—DESCRIPTION OF PROPERTY—PRESUMPTION—IDENTITY OF
NAME.—When an indictment charges the defendant with the crime of
arson in setting fire to and burning a house, the property of a person
bearing the same name as that of the defendant, the law raises the pre-
sumption of identity of person from identity of name, and the indictment
must be construed as charging the defendant with the burning of his
own building.

APPEAL from an order of the Superior Court of the
City and County of San Francisco arresting judgment.
WILLIAM T. WALLACE, Judge.

Appellant was indicted by the grand jury of the
city and county of San Francisco for the commission of
the crime of arson. He was tried and convicted. A
motion for new trial was made and denied. A motion
in arrest of judgment was then interposed, and granted
by the court, on the ground that the evidence adduced
upon the trial showed the defendant guilty of another
offense, to wit, willfully burning property which was at
the time insured against loss or damage by fire, with in-
tent to thereby defraud and prejudice the insurer. Fur-
ther facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, Henry E. Carter
and Charles H. Jackson, Deputies Attorney General, for
Appellant.

The indictment is sufficient to charge the crime of
arson, as it follows the language of the code. (Pen.
Code, secs. 447, 948, 957, 959; People v. Rogers, 81 Cal.
209; People v. Forney, 81 Cal. 118; People v. Keeley, 81
Cal. 210; People v. Rozelle, 78 Cal. 89; People v. Fowler,

88 Cal. 136; *People* v. *Russell,* 81 Cal. 616; *People* v. *Mahlman,* 82 Cal. 585; *People* v. *Savercool,* 81 Cal. 650; *People* v. *Naylor,* 82 Cal. 608; *People* v. *Tonielli,* 81 Cal. 275; *People* v. *Fick,* 89 Cal. 144; *People* v. *Harrold,* 84 Cal. 567–70.) It matters not what purpose the person charged had in view when setting fire to the building so long as the intent was present and existed to destroy it, and it was done with malice. It makes no difference whether the building belonged to another person or not. (Pen. Code, sec. 447; Bouvier's Dictionary, tit. Malice.)

*Reddy, Campbell & Metson,* for Respondent.

From identity of name identity of person is presumed. (Code Civ. Proc., sec. 1962, subd. 25.) A person has full control over his own property under certain limitations. (1 Washburn on Real Property, 3d ed., 2; 1 Bishop's New Criminal Law, sec. 514; *Bloss* v. *Tobey,* 2 Pick. 320.) A person cannot commit arson of his own house. (4 Blackstone's Commentaries, 221; 1 Bishop's New Criminal Law, sec. 12; 1 Wharton's Criminal Law, 8th ed., sec. 825; *State* v. *Keena,* 63 Conn. 329; 1 American Law Journal, 378; *People* v. *Gates,* 15 Wend. 159; *People* v. *Myers,* 20 Cal. 76; 1 Hittell's Gen. Laws, secs. 1557, 1558; Pol. Code, sec. 4468; *Sessler* v. *Montgomery,* 78 Cal. 486; 12 Am. St. Rep. 76; Pen. Code, secs. 6, 447; *United States* v. *Wiltberger,* 5 Wheat. 76; *United States* v. *Clayton,* 2 Dill. 225, 226; *Commonwealth* v. *Makely,* 131 Mass. 422; *People* v. *Wooley,* 44 Cal. 494.)

VAN FLEET, J.—This is an appeal by the people from an order arresting the judgment upon a conviction of arson, the question being whether the indictment sufficiently charges the offense.

The material part of the indictment is that: "The said William W. de Winton on," etc., at, etc., "did willfully, maliciously, and feloniously, in the night-time, set fire to and burn a building, namely, a house then situate," etc., "the property of *William W. De Winton,* with

the malicious, willful, and felonious intent then and there to destroy said building." Then follows an averment that said house was situated in such immediate proximity to inhabited buildings, occupied by human beings, as to endanger life, etc., and did, then and there, threaten the lives of said human beings from said fire, etc.

Giving effect to the presumption which the law raises of identity of person from identity of name (Code Civ. Proc., sec. 1963, subd. 25), and it will be observed that the indictment charges the defendant with the burning of his own building.

At common law a man was not guilty of arson in willfully burning his own house, unless the house of his neighbor was thereby also burned; and this, even though the burning was with intent to destroy his neighbor's house. (4 Blackstone's Commentaries, Wendell's ed., 221.) Arson has always been regarded as essentially an offense against the security of the dwelling or habitation, rather than against the property (1 Wharton's Criminal Law, sec. 825; 2 Bishop's Criminal Law, sec. 24; *People* v. *Fisher*, 51 Cal. 319); and the right to destroy his own dwelling was doubtless founded upon the right which the law accords to a man of making such use of his property as he may see fit, so long as others are not thereby injured. (1 Bishop's New Criminal Law, sec. 514.)

In charging arson, therefore, it was always necessary, at common law, to aver the ownership of the building burned in another. And such is the rule in this country where not changed by statute. For this purpose, one in possession or occupancy of the premises at the time of the offense was deemed the owner, but it was essential that this should be averred and shown to be other than the defendant. (*State* v. *Keena*, 63 Conn. 329.)

If these principles are to be applied to the present indictment, it is quite obvious that it does not charge arson. It describes the building burned as the prop-

erty of the defendant, and fails to aver its occupancy or possession by any one; and, being silent, the presumption is that it was in possession and occupancy of the owner. Nor is the pleading in any way aided in this respect by the averment that the house was so situated as that the burning thereof endangered the lives of inhabitants of other dwellings. It may be that this matter would make the indictment good as a charge of attempt to commit arson, but it does not help out the statement of the principal offense.

The question, therefore, arises whether our statute has so changed or modified the definition of arson as to avoid this requirement of the common law; and this, we think, must be answered in the negative.

Section 447 of the Penal Code provides: "Arson is the willful and malicious burning of a building with intent to destroy it." If this section stood alone as a definition of the offense, there might be strong ground for holding the statement of the offense in the indictment sufficient, as substantially following the language of the statute. Under that section, literally construed, the burning of any building, of whatsoever character, maliciously and willfully, whether owned or occupied by the defendant or another, would constitute the offense; and the rule of the common law, that a man could not be held guilty for burning his own house, would be effectually abrogated. But that this result was not contemplated, and no such radical change in the law of arson intended, is, we think, made quite clear from a consideration of section 452, which relates to the same subject. That section provides:

"To constitute arson it is not necessary that a person other than the accused should have had ownership in the building set on fire. It is sufficient that, at the time of the burning, another person was rightfully in possession of, or was actually occupying, such building, or any part thereof."

This section is manifestly a limitation upon the sweeping terms of section 447, and implicitly contem-

plates that, to be the subject of arson, the building must be, at least, the qualified property of another—must be, at least, rightfully in the possession or occupancy of another at the time of the offense.

And we think that obviously this fact was intended to remain, as at common law, a substantive feature of the offense, which is an essential feature of its description, and must be alleged in order to charge the offense. (*People* v. *Myers*, 20 Cal. 76.)

In that case, which arose under the statute as it existed prior to the code (1 Hittell's Gen. Laws, sec. 1557), where the definition of arson in the first degree was, like section 447, wholly silent as to the ownership of the burned building, the court, in considering an objection to the sufficiency of the averment as to the ownership of the property, say:

" It is essential that the indictment should show that the building burned is the property of another. (East's Pleas of the Crown, 1034.) And this was so held where the statute, like ours, did not say so in terms. (*People* v. *Gates*, 15 Wend. 159.) The allegation of the ownership of the building burned is a part of the description of the offense. It is a general rule of criminal pleading, as well as a provision of our statute (Criminal Practice Act, sec. 239), that the indictment must be direct and certain as it regards the offense charged. In this indictment it is altogether uncertain whether the building burned was the dwelling-house of Lemon or the Chinaman. It may be conjectured that it is intended to assert that the general property was in Lemon, and the special property, or the possession with an interest, was in the Chinaman, and the statement that the Chinaman was then in the dwelling-house would aid this conjecture. But the meaning of such an averment, if it were admissible to make such an averment in this form, cannot be left to rest upon conjecture or to be made out by an argument. The defendant must be distinctly informed whose dwelling-house he is accused of burning. It is urged, in reply, that surplusage may be

rejected. But no allegation which is descriptive of the identity of what is legally essential to the charge in the indictment can be rejected as surplusage."

In *People* v. *Gates, supra*, cited in the last case, it is said in construing the statute of New York defining arson: "The statute does not say in terms that the house, the burning of which in the night-time constitutes arson in the first degree, shall be the house of *another*, but such must necessarily be the construction. In defining arson in the third degree the language is this: 'Every person who shall willfully set fire to or burn in the night-time *the house of another*, not the subject of arson in the first or second degree,' shall be adjudged guilty of arson in the third degree. (2 Rev. Stats., sec. 4, p. 667.) The legislature did not intend to require greater particularity in the offense in the third degree than in the first and second, in both of which the punishment is more severe than in the third. According to the literal construction of the section defining the offense of arson in the first degree, a man might be punished with death for burning his own house in his own possession. I apprehend such was not the intention of the legislature, but that the common law may be called in aid of the definition of the offense, particularly when taken in connection with the section above referred to, defining arson in the third degree. If this qualification should be annexed to the offense of arson in the first degree, it must be equally applicable to the same offense in the second degree; and, testing this indictment by the rules laid down in the books which have been cited, it will be found defective."

In *People* v. *Russell*, 81 Cal. 617, this court would seem to have taken the same view of the provisions of the code. In that case the information charged and described the building as the property of another than the defendant, and in passing upon an objection to the sufficiency of the pleading in another particular, it is suggested that the information is drawn in accordance with the statute, and is good. See, also, *People* v. *Fisher*,

*supra,* where impliedly the same construction was sustained.

From these considerations we are of opinion that the indictment in this case did not charge defendant with arson, and that the judgment was therefore properly arrested.

Order affirmed.

HARRISON, J., and GAROUTTE, J., concurred.