[Crim. No. 313.  Second Appellate District.—January 29, 1914.]

## THE PEOPLE, Respondent, v. JOE PRINCIPE et al., Appellants.

CRIMINAL LAW—ARSON—BURNING INHABITED BUILDING IN NIGHT-TIME—BURDEN OF PROOF.—In order to sustain a conviction, under the provision of section 454 of the Penal Code that "maliciously burning in the night-time an inhabited building in which there is at the time some human being, is arson in the first degree," the burden is upon the prosecution affirmatively to show that at the time the fire was kindled there was some human being other than the accused actually within the building.

ID.—PRESENCE OF HUMAN BEING—ABSENCE OF EVIDENCE—INSTRUCTIONS.—In a prosecution for arson in burning an inhabited building in the night-time, it is error to instruct the jury that they may find the defendants guilty of either degree of the crime charged, where there is a total lack of any evidence that there was any human being in the building at the time the fire was kindled.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

C. V. Riccardi, J. T. Breen, and Antonio Orfila, for Appellants.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendants were informed against by the district attorney for the crime of arson, the burning being alleged to have been that of a building in which there were at the time human beings and as having occurred in the night-time. The jury returned a verdict finding both defendants guilty, and determined the crime to be of the first degree. A judgment directing the imprisonment of defendants for a long period of years followed, and this appeal was taken from that judgment and from an order made denying the motion of defendants for a new trial.

The principal contention made by appellants on this appeal is that the evidence was insufficient to warrant the jury in convicting appellants of arson of the first degree. Section 454 of the Penal Code provides as follows: "Maliciously burning in the night-time an inhabited building in which there is at the time some human being, is arson in the first degree. All other kinds of arson are of the second degree." It appears from the transcript of the evidence as made by the phonographic reporter that one Trepini occupied the building which was burned as a dwelling-place for himself and family, which consisted of a wife and son; that having received certain "black-hand" letters, he employed appellants as watchmen to guard his residence during the night-time, as he in the pursuit of his business was obliged to leave at about 2 o'clock every morning; that upon the night of the fifteenth day of June, 1913, he left the premises at the accustomed hour and saw appellants both there in the yard at the time; that later he returned and found his house in ruins. There was other evidence, in its nature circumstantial, which tended to connect appellants with the burning of the building. However, there was a total lack of any evidence showing that after Trepini left the house on the night mentioned any other person remained therein, or that there was any other person therein at the time the fire was kindled. Under this state of the proof, the trial judge instructed the jury that if it determined that the defendants or either of them were guilty, that the degree of the crime should be fixed and the two degrees were by the same instruction defined. Under the proof made the appellants could not properly have been convicted of arson of the first degree. The burden was upon the prosecution to affirmatively show, in order to sustain such a verdict, that at the time the fire was kindled there was some human being other than appellants actually within the building. The court erred in giving the instruction which advised the jury that they might find the defendants guilty of either degree of the crime charged, and the evidence did not sustain the verdict.

It is contended that the court erred in the matter of refusing to give certain instructions asked for by the defendants, but an examination of those alleged errors does not show that they were sufficient in themselves to warrant the

criticism as to their prejudicial character. It would have been perhaps better had the court given a fuller instruction as to the presumption of innocence which accompanies a defendant throughout the trial and until his guilt is established beyond a reasonable doubt, although the very brief instruction as given touching that matter, when properly analyzed, may be said to comprehend the same meaning. Nevertheless, a fuller exposition of the rule might have aided the jury to a better understanding of the effect of it.

For the reasons given, the judgment and order are reversed.

Conrey, P. J., and Shaw, J, concurred.