[Crim. No. 2033.   In Bank.—January 3, 1917.]

THE PEOPLE, Respondent, v. MAX ABRAMS, Appellant.

CRIMINAL LAW—ARSON IN FIRST DEGREE—PRESENCE OF THIRD PERSONS ESSENTIAL.—To constitute arson of the first degree, as defined by section 454 of the Penal Code, the presence in the building at the time of its burning of some human being other than the perpetrators of the forbidden act is essential.

ID.—JOINT PARTICIPANTS IN BURNING—SEPARATE TRIAL OF ONE DEFENDANT.—A defendant jointly charged with another with the crime of arson, but separately tried, cannot be convicted of arson in the first degree, if the evidence shows that they were both participants in the burning and fails to show the presence of any other person in the building.

ID.—TENANT OF BUILDING OWNED BY ANOTHER.—The tenant of a building owned by another and occupied solely by himself may be guilty of arson in burning the building.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Constantine M. Mooslin, and Ford & Hammon, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

ANGELLOTTI, C. J.—This defendant and his wife were jointly charged by information with the crime of arson, in the willful, malicious, and felonious setting fire to and burning with intent to destroy a certain building, the property of another, occupied by them as tenants as a dwelling-house. In a second count of the same information they were charged with burning and destroying the same property with intent to defraud an insurer thereof. Separate trials were demanded and the trial of this defendant was had before his codefendant was put on trial. It does not appear that she has ever been tried. A verdict of not guilty was rendered as to the matters charged in the second count. As to the charge

of arson, the jury found the defendant guilty of arson in the
first degree. Judgment of imprisonment in the state prison
was thereupon pronounced. We have here an appeal from
this judgment and from an order denying a motion for a new
trial.

The appeal in this case was taken, as the constitution re-
quires, to the district court of appeal of the second appellate
district, and that court affirmed the judgment and order ap-
pealed from. A hearing in this court was ordered principally
because we were not satisfied as to the correctness of the dis-
position by the learned district court of appeal of the claim
that the evidence was insufficient to support the verdict find-
ing this defendant guilty of arson in the first degree. Fur-
ther consideration of that question has satisfied us that the
evidence furnishes no support for any such verdict.

By our statute arson, which is the willful and malicious
burning of a building, with intent to destroy it (Pen. Code,
sec. 447), is divided into two degrees. Arson of the first de-
gree, the more heinous offense, is defined as being the mali-
cious burning "in the night-time an inhabited building *in
which there is at the time some human being."* (Pen. Code,
sec. 454.) The presence of "some human being" in the build-
ing at the time of the burning is therefore obviously essential
to this particular offense. And it is just as clear that it must
be some human being other than the person or persons doing
the forbidden act. It was so held in *People* v. *Principe,* 23
Cal. App. 729, [139 Pac. 658]. In the case at bar the evidence
clearly shows that no human being was in the building other
than the defendants jointly charged, the appellant here and
his wife. They were tenants occupying the building as their
dwelling, the building itself, as we have seen, belonging to
another person. There is not a shred of evidence pointing to
this defendant as being the person committing the alleged
offense rather than his wife. In fact, the only conceivable
theory, apart from mere conjecture or surmise, upon which it
can be held that the evidence sufficiently supports a conclusion
that he was a participant in the burning, is, in view of the
evidence, that both he and his wife were joint participants.
The evidence, which is entirely circumstantial, points no more
strongly to him than it does to the wife. In fact, if there be
any difference, it points more strongly toward the wife, for she
was the sole owner of and carried insurance on the personal

property contained in the building, and the evidence points pretty clearly to the conclusion that if the fire was incendiary, the primary object was the destruction of this personal property with a view to obtaining the insurance money, and that if there was any destruction of the building intended (which appears not to have been accomplished to any substantial extent), it was entirely incidental to the accomplishment of this main object. Certain it is that if the evidence sufficiently supports a conclusion of this defendant's guilt, it shows to the same extent the guilt of the codefendant wife, and there is nothing therein to support a conclusion that the defendant being guilty, the wife nevertheless was a nonparticipant, and therefore one whose presence in the building would satisfy the requirements of section 454 of the Penal Code. The presumption of innocence available to her in any proceeding against her may not be successfully invoked, under the circumstances, against the husband. A verdict finding this defendant guilty of arson in the first degree involves, in view of the definition of that offense, a finding by the jury of the guilt of the husband and the innocence of the wife of all participation in the crime, a result absolutely unwarranted by the evidence. It follows from what we have said that upon the record before us the presence of the wife in the building cannot be held to satisfy the requirements of section 454 of the Penal Code, and that the evidence utterly fails to show that there was any human being, within the meaning of that section, in the building at the time the fire was applied by this defendant, if it ever was applied by him. The verdict given against him is therefore contrary to the evidence. He was thereby found guilty of an offense as to which there was no evidence furnishing legal support for a conclusion of his guilt, and the conviction cannot be allowed to stand.

For the purposes of further proceedings in the event that they are concluded to be advisable, we deem it proper to notice one or two other matters.

The contention as to two different offenses being improperly charged in the information is no longer of any practical importance in view of the fact that defendant has been acquitted as to the matters embraced in the second count, and that subject matter is no longer in the case.

We find no substantial merit in the other objections raised by motion to set aside the information and by the demurrer

to the information. As to the particular objection founded on a claim that a tenant cannot be guilty of arson, under our statutes, as to a building owned by another, and occupied solely by himself, we concur in the views expressed by the learned district court of appeal, and adopt the same as a part of this opinion. They are as follows:

"Although the information stated that the defendants occupied the building and were tenants therein, the further fact was alleged that the building was the property of Smith. 'To constitute arson it is not necessary that a person other than the accused should have had ownership in the building set on fire. It is sufficient that at the time of the burning another person was rightfully in possession of, or was actually occupying such building, or any part thereof.' (Pen. Code, sec. 452.) The foregoing section clearly implies that ownership of the building by a person other than the defendant is sufficient, although it is declared to be not necessary. In *People* v. *Handley*, 100 Cal. 370, [34 Pac. 853], it was held that the defendant was properly convicted of arson in burning a house occupied by him as tenant of another who was the owner thereof. *People* v. *Myers*, 20 Cal. 76, and *People* v. *De Winton*, 113 Cal. 403, [54 Am. St. Rep. 357, 33 L. R. A. 374, 45 Pac. 708], are decisions which do not, in our opinion, support the proposition of appellant that under the allegations of ownership and tenancy, as stated, there is no sufficient charge that the defendants were guilty of the crime of arson."

Certain questions raised as to instructions to the jury are of such a nature that they will probably not arise on another trial, and need not here be discussed.

The judgment and order denying a new trial are reversed.

Shaw, J., Sloss, J., Melvin, J., Lorigan, J., Henshaw, J., and Lawlor, J., concurred.