## G. M. CLEMENS v. STATE.

No. A-3166.    Opinion Filed Dec. 20, 1919.

Rehearing Denied March 13, 1920.

(187 Pac. 1100.)

(Syllabus.)

1.    **ARSON—Information—Sufficiency.** An information, charging that "G. M. C. did willfully, unlawfully, maliciously and feloniously, and in the nighttime, burn a certain dwelling, to wit (here follows a description and location of the dwelling, with allegations as to. ownership  by one W. J. S., and occupancy thereof by the said G. M. C. as a dwelling) with the willful, unlawful, malicious and felonious .intent of said G. M. C. to destroy the same with fire," sufficiently charges the burning of said building to have been done with intent to destroy the same with fire.

2.    **ARSON—Essentials of Crime—Ownership of Building.** One may be guilty of arson in the second degree as to the willful and malicious burning of a building owned by another and occupied solely by himself, by reason of section 2603, Rev. Laws 1910, providing: "To constitute arson it is not necessary that another person than the accused should have had ownership in the building set on fire. It is sufficient that at the time of burning another person was rightfully in possession of, or was actually occupying, such building, or any part thereof." Said section, when construed in connection with section 2598, Revised Laws 1910, providing, "Arson is the willful and malicious burning of

a building with intent to destroy it," clearly implies that the ownership by a person other than the defendant is sufficient.

3. **SAME—Information—Instructions—Variance.** Section 2604, Revised Laws 1910, provides: "An omission to designate, or error in designating in indictment for arson, the owner or occupant of a building, shall not prejudice the proceedings thereupon, if it appears that upon the whole description given of the building it is sufficiently identified to enable the prisoner to prepare his defense." The information charged the ownership of the building in one W. J. S., while the evidence tended to show that the daughter of the said W. J. S. was the actual owner of the building. The building alleged to have been burned by the defendant was sufficiently identified in the information, without reference to ownership. In instructing the jury, the court submitted the question of whether or not the information sufficiently identified the building to enable defendant to prepare his defense, although the allegation of ownership was erroneous, as a question of fact for the jury. **Held,** the error, if any, was favorable to the defendant, in that the court should have instructed as a matter of law in this case that the variance between the allegation of ownership and the proof adduced was immaterial.

*Appeal from District Court, Jackson County;*
*Frank Mathews, Judge.*

G. M. Clemens was convicted of arson in the second degree, and he appeals. Affirmed.

*Pruiett, Sniggs & Patterson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

MATSON, J. On January 29, 1917, an information was filed in the district court of Jackson county, charging the defendant, G. M. Clemens, with the crime of arson in the first degree. On the following day, the county attorney amended the information to charge only arson in the second degree, and the defendant filed a demurrer to the amended information, which was by the court overruled, to which action the defendant saved an exception.

The defendant was put on trial before a jury, and a verdict returned finding him guilty of arson in the second degree, and assessing his punishment at imprisonment for five years in the state penitentiary. Motions for a new trial and in arrest of judgment were presented, overruled, and exceptions taken. On the 14th of May, 1917, defendant was sentenced in accordance with the verdict, and thereafter perfected an appeal to this court.

First, it is contended that the trial court erred in overruling the demurrer to the amended information.

Section 2598, Revised Laws 1910, defines "arson" as follows:

"Arson is the willful and malicious burning of a building with intent to destroy it."

Section 2603, Revised Laws 1910, provides:

"To constitute arson it is not necessary that another person than the accused should have had ownership in the building set on fire. It is sufficient that at the time of burning another person was rightfully in possession of, or was actually occupying, such building, or any part thereof."

The charging part of the information is as follows:

"That on the 25th of September, 1916, and anterior to the filing of this information, the said G. M. Clemens, then and there being, did then and there willfully, unlawfully, maliciously and feloniously, and in the nighttime, burn a certain building, towit, a certain dwelling located on lot No. 1 in block No. 73, in Crain's First addition to the city of Altus, Jackson county, Okla., said building being then and there the property of one W. J. Shelton, and being then and there used and occupied by the said G. M. Clemens as a dwelling, with the willful, unlawful, malicious, and felon-

ious intent of him, the said G. M. Clemens, to destroy the same with fire."

In this connection, it is first contended that the allegation of the malicious and felonious intent of the defendant to destroy the building with fire relates only to the use and occupancy of the building by him, and that it is not charged in the information that the defendant burned the building with intent to destroy it.

The court thinks this contention untenable and wholly devoid of merit. The information charges that the defendant unlawfully, wilfully, and maliciously burned the said building. Then follows a recital that the building was owned by another, although occupied by the defendant at the time. The subsequent allegation of the defendant's malicious and felonious intent to destroy it by fire clearly relates back to the act of burning the building. Such a construction would be that given to the allegations of the information by a person of common understanding, as the use of fire is the only means employed with which to burn anything. We deem the information sufficiently direct and certain in this respect to apprise the defendant of the particular offense charged against him.

Further, it is contended that the court erred in overruling the demurrer to the information for the reason that the acts alleged to have been done by the defendant, irrespective of the question of intent, do not constitute arson under the laws of this state. To state the contention of the counsel for defendant succinctly, it is this: That the statutes of this state defining "arson" are merely a codification of the common law upon that subject, and that the offense is one against the habitation rather than against property rights, and the information, alleging that the de-

fendant was the occupant of the building at the time of its burning, renders the same insufficient to charge the crime of arson, as it was known at common law.

If the statutes of this state on the subject of arson were merely a codification of the common law on that subject, perhaps the contention of defendant's counsel would be correct; but we cannot concur with the assertion that the Legislature of this state, in enacting the statutes upon the subject of arson, merely intended to define the offense as it was known at common law. Counsel contend that section 2603, *supra,* clearly indicates the contrary view, and in support of this contention rely upon the case of *People v. De Winton,* 113 Cal. 403, 45 Pac. 708, 33 L. R. A. 374, 54 Am. St. Rep. 357.

The *De Winton* case is not in print, as that was a prosecution against a person for burning his own house, and the Supreme Court of California there held:

"A man is not guilty of arson in burning his own house, unless it or some part of it was in the possession of another, under Penal Code, § 447, defining 'arson' as the willful and malicious burning of a building with intent to destroy it, and section 452, declaring that it is not necessary that a person other than the accused should have had ownership in the building, but it is sufficient that another was rightfully in possession of or actually occupying the building or any part thereof."

The statutes of California and the statutes of Oklahoma on the subject of arson, in so far as they affect the question here presented, are identical. Section 2603, *supra,* indicates an intention upon the part of the Legislature to make the burning of a building a crime, although at the time owned by the accused. In that section, the last sentence in the section clearly relates to the burning of buildings owned

by the accused, in which instance it is sufficient at the time of burning another person was rightfully in possession of, or was actually occupying, such building, or any part thereof. By clear implication, section 2603, considered in connection with section 2598, makes it arson to burn the building of another, although occupied at the time solely by the accused.

This view is adopted by the Supreme Court of California in the case of *People v. Abrams,* 174 Cal. 172, 162 Pac. 395. The fourth paragraph of the syllabus in that case, construing sections of their statutes identical with those here involved, is as follows:

"One may be guilty of arson as to a building owned by another and occupied solely by himself, in view of Penal Code, § 452, providing that to constitute arson it is not necessary that a person other than the accused should own the building, since this section clearly implies that ownership by a person other than defendant is sufficient."

In the body of the opinion, it is said:

"We find no substantial merit in the other objections raised by motion to set aside the information and by the demurrer to the information. As to the particular objection founded on the claim that a tenant cannot be guilty of arson, under our statutes, as to a building owned by another, and occupied solely by himself, we concur in the views expressed by the learned District Court of Appeals, and adopt the same as a part of this opinion. They are as follows:

" 'Although the information stated that the defendants occupied the building and were tenants therein, the further fact was alleged that the building was the property of Smith. "To constitute arson it is not necessary that a person other than the accused should have had ownership in the building set on fire. It is sufficient that at the time

of the burning another person was rightfully in possession of, or was actually occupying such building, or any part thereof." Pen. Code § 452. The foregoing section clearly implies that ownership of the building by a person other than the defendant is sufficient, although it is declared to be not necessary. In *People v. Handley,* 100 Cal. 370, 34 Pac. 853, it was held that the defendant was properly convicted of arson in burning a house occupied by him as tenant of another who was the owner thereof. *People v. Myers,* 20 Cal. 76, and *People v. De Winton,* 113 Cal. 403, 45 Pac. 708, 33 L. R. A. 374, 54 Am. St. Rep. 357, are decisions which do not, in our opinion, support the proposition of appellant that under the allegations of ownership and tenancy, as stated, there is no sufficient charge that the defendants were guilty of the crime of arson.'"

See, also, *Lipschitz v. People,* 25 Colo. 267, 53 Pac. 1111; *People v. Simpson,* 50 Cal. 304.

The conclusion is reached, therefore, that the information in this case is sufficient to charge the crime of arson in the second degree, as defined by the statutes of this state.

It is also contended that the trial court erred in giving the following instruction:

"The defendant is charged in the information filed herein with the offense of burning a certain building alleged to be the property of W. J. Shelton, and the evidence introduced in this case on the part of the state tends to prove that the burned building at the time of the burning was the property of the daughter of the said W. J. Shelton, and in this connection you are charged that the variance is immaterial if you believe from the evidence beyond a reasonable doubt that it appears from the evidence herein that a sufficient description of the burned building was set out in the information to sufficiently identify it so as to enable the defendant to prepare his defense herein."

The information charged the ownership of the building alleged to have been burned by the defendant in one W. J. Shelton, while the evidence tended to show that the daughter of the said W. J. Shelton was the actual owner of the building.

The instruction given accords with section 2604, Revised Laws 1910, which provides:

An omission to designate, or error in designating in indictment for arson, the owner or occupant of a building, shall not prejudice the proceedings thereupon, if it appears that upon the whole description given of the building it is sufficiently identified to enable the prisoner to prepare his defense."

Counsel for defendant complain that said instruction submits the question of whether or not the information sufficiently identified the building as a question of fact to the jury, when the court should have instructed the jury as a matter of law whether or not the description of the building contained in the information was sufficient to identify it within the meaning of the foregoing statute. Submitting this issue to the jury was favorable to the defendant, as the information sufficiently identifies the building alleged to be burned without reference to the allegation of ownership. The court should have instructed that the variance between the allegation of ownership and the proof was immaterial in this case.

Further, it is contended that the court erred in the admission of certain exhibits in evidence, over the objection and excepton of defendant's counsel, for the reason that such exhibits were not properly identified as belonging to the defendant. This court is convinced from an examination of the record, that such exhibits were sufficiently con-

nected with the defendant to permit their introduction in evidence, and that this assignment of error is without merit.

Finding no error sufficient to reverse this judgment for any of the reasons contended for, it is the opinion of this court that the judgment should be affirmed, and it is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.