[Crim. No. 2852. In Bank.—August 16, 1926.]

## THE PEOPLE, etc., Respondent, v. LOUIS NAGY, Appellant.

[1] CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—EFFECT OF.—Circumstantial evidence is legal evidence and may be as conclusive in its convincing force as the testimony of direct witnesses to the overt act.

[2] ID.—FIRST DEGREE ARSON—WHAT CONSTITUTES.—Evidence of the burning of a building that is inhabited is not sufficient to justify a conviction of arson of the first degree, but in addition thereto it must be shown that there was at the time of the burning a human being in the building, and proof of this essential element must be made by competent evidence.

[3] ID.—WITNESSES—QUALIFICATIONS.—A witness can testify of those facts only which he knows of his own knowledge, that is, which are derived from his own perceptions, except in those cases in which his opinions or inferences, or the declarations of others, are admissible.

[4] ID.—PRESENCE OF HUMAN BEING IN BUILDING—HEARSAY EVIDENCE —INADMISSIBILITY OF.—In a prosecution for arson the testimony of a witness that a human being was in the building at the time of its burning, is inadmissible, where it is based upon the statements of another who was not called as a witness.

[5] ID.—CHARACTER WITNESSES — FOUNDATION FOR EVIDENCE—DISCRETION.—In such a case, the competency of a witness to testify as to the general reputation of the defendant is largely a matter of discretion with the trial court and this discretion cannot be interfered with on appeal unless it appears to have been abused.

(1) 16 C. J., p. 762, n. 31, 32, p. 764, n. 54.   (2) 5 C. J., p. 546, n. 5.   (3) 16 C. J., p. 622, n. 12, p. 624, n. 13.   (4) 5 C. J., p. 580, n. 16; 16 C. J., p. 624, n. 15, p. 759, n. 87; 17 C. J., p. 365, n. 59, p. 367, n. 3 New.   (5) 17 C. J., p. 241, n. 44; 40 Cyc., p. 2242, n. 80, p. 2483, n. 65.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying new trial. Harold Louderback, Judge. Reversed.

1.   See 8 Cal. Jur. 191; 10 R. C. L. 1007.
2.   See 3 Cal. Jur. 165.
4.   See 8 Cal. Jur. 83; 10 R. C. L. 960.
5.   See 8 Cal. Jur. 56; 11 R. C. L. 574.

The facts are stated in the opinion of the court.

Samuel D. Hamburg for Appellant.

U. S. Webb, Attorney-General, Wm. F. Cleary, Deputy Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

SEAWELL, J.—The appellant was convicted of arson of the first degree. The grounds urged upon this appeal for a reversal of the judgment are the insufficiency of the evidence generally to justify a verdict of guilty of arson in any degree, and more specifically the total absence of any legal evidence to support the implied finding of the jury that there was present in the building described by the information at the time the fire was created a human being or human beings, proof of which is necessary to constitute arson of the first degree. The only evidence offered by the prosecution which tends at all to support that portion of the implied verdict of the jury that a human being was in said building at the time the alleged offense was committed is the purest kind of hearsay. We have made careful examination of the evidence which, though circumstantial in its incriminatory bearing, was nevertheless sufficient to sustain a finding that the burning of the building was the wilful and malicious act of the defendant, done with the intent to destroy it. Applying the well known tests, the deductions made by the jury from the facts and circumstances would have supported a verdict of first degree arson had legal proof been made that a human being was in said building at the time the fire was started. In other words, we are of the opinion that the facts and circumstances were of such an incriminatory nature that the jury may well have found that there was no reasonable theory upon which the defendant could be innocent provided said facts and circumstances were true. [1] Circumstantial evidence is legal evidence and may be as conclusive in its convincing force as the testimony of direct witnesses to the overt act. Circumstances very largely control the conduct of men in the most important affairs of life and may be sufficient to justify a conviction of crime where they are such as to exclude any other reasonable theory than that of the guilt

of the accused. We will not enter into a discussion as to the evidentiary weight or effect of each particular circumstance or the relation of any one to the many other circumstances that appear in the record and from which a legal deduction of guilt may have been drawn. The case must be reversed upon the single ground that there was no legal evidence adduced by the prosecution to establish arson of the first degree. A brief statement of the facts is sufficient to illustrate the failure of the proof. The defendant occupied the upper flat of a two-story building. The lower flat was inhabited in the sense that it was occupied by tenants. [2] But the burning of a building that is inhabited is not sufficient to justify a conviction of arson of the first degree. In addition thereto it must be ''an inhabited building in which there is at the time [of the burning] some human being,'' etc. (Pen. Code, sec. 454.) The presence of a human being in the building at the time of burning is an ingredient absolutely necessary to sustain a conviction of arson of the first degree. (*People* v. *Abrams,* 174 Cal. 172 [162 Pac. 395].) Proof of this essential element must be established by competent evidence. Section 1845, Code of Civil Procedure, provides: [3] ''A witness can testify of those facts only which he knows of his own knowledge; that is, which are derived from his own perceptions, except in those few express cases in which his opinions or inferences, or the declarations of others, are admissible.'' The witness in this case had no knowledge derived from his own perception concerning the presence of said persons in the building at the time it was burning, nor does he come within any of the few exceptions mentioned in the statute. ''Hearsay evidence is not, as a rule, competent to establish any *specific* fact which in its nature is susceptible of being proven by witnesses who can speak from their own knowledge. 1 Greenl. Ev., sec. 99.'' (*Pfister* v. *Dascey,* 68 Cal. 572 [10 Pac. 117].)

[4] The evidence offered to prove the presence of human beings in the building at the time of the fire falls far short of meeting the plain requirements of the statute. The only witness who testified at all as to the issue was the fire marshal. Asked whether or not he knew of his own knowledge that the lower flat was occupied, he answered that he did. No claim is made that any person other than the defendant

was in the upper flat. Counsel for the defendant objected
to the question on the ground that it was irrelevant, incompetent and immaterial. The examination proceeded:
"Q. Was it occupied? A. Yes, I *interviewed* the woman
down there if she could tell me. [Italics supplied.]
Q. And she was living there that night that the fire was
discovered? A. Yes, sir. Q. Sleeping there? A. Yes, sir.
Q. Anybody else besides the woman sleeping there? A. Yes,
sir, members of her family. Mr. Hamburg: I object to that
as calling for a conclusion and it, necessarily, is based upon
hearsay testimony. The Court: You yourself did not go
into the lower flat? A. Yes, sir. Q. And in going into it
you saw these people? A. Yes, spoke with them and talked
with them. Q. And they were occupying it at that time?
A. Yes, sir. Q. Did you go into their bedrooms? A. Yes,
I was in the front bedroom talking to the woman who ran the
flat. Q. The bed appeared to have been used? A. Yes, sir.
The Court: I will overrule the objection. Mr. Skillin:
Q. And you say besides the woman there were how many?
A. There were three or four more, the house was occupied."
The foregoing is all the evidence given as to this issue.
Waiving its hearsay character, it is weak, inconclusive and
unsatisfactory. At no time did the witness state that the
woman tenant or any of the other persons was in the building *at the time* the fire was started. In a general sense the
persons mentioned were occupants of the lower flat and slept
there, but the requirement of the statute was not squarely
met. The witness did not arrive at the building until 2:30
A. M., almost an hour after the fire had been extinguished
and the firemen had departed. Whether the conversation
which he had with the lady occupant of the lower flat occurred upon his first visit, or whether it was after 8 o'clock
of the same morning upon the return of the witness to the
premises, is not made clear, but the sequence of events
would indicate that the interview occurred upon the second
visit. But whatever construction may be reasonably placed
upon the foregoing evidence, the fact remains that it was
hearsay as to a specific, material fact, and the defendant
cannot be deprived of the right which the statute and constitution guarantee to every person accused of crime, to wit,
the right to be confronted by his accusers. In the instant

case the defendant was denied the opportunity of cross-examining the only persons whom it is claimed were in the building *at the time* the fire was created, and the question of the degree of the crime was left to extrajudicial statements alleged to have been made by parties who were not placed under oath at the time and whose absence at the trial was unaccounted for. No circumstance of sufficiently conclusive character was offered to show the presence of said persons in the building at the time it was burning. Whether the defendant was guilty of arson of the first degree or of the second degree was a very important matter, as arson of the first degree is punishable by imprisonment in the state prison for not less than two years and may extend to the entire life of a person convicted, while arson in the second degree is punishable by imprisonment of not less than one year nor more than twenty-five years. We are presented with a somewhat anomalous situation. The evidence in our opinion is sufficient to sustain a judgment of conviction of arson of the second degree, and insufficient to sustain a conviction of arson of the first degree, as found by the jury, and this court has neither the constitutional nor statutory authority to modify or interfere with the verdict of the jury in any respect. It is within our power only to affirm or reverse judgments in criminal cases. The case must, therefore, be remanded for a new trial.

[5] Appellant complains of certain rulings of the court limiting him in the cross-examination of certain witnesses. The subject matter of the examination in which this occurred was not very important. The better practice, however, is either to permit cross-examination of witnesses on all matters brought out in direct examination or to strike out the testimony of the witness deemed by the court to be immaterial or irrelevant. The ruling which resulted in the exclusion of the testimony of two character witnesses called by the defendant was not prejudicial. The defendant did not show that the witnesses were competent to testify as to his general reputation. The competency of a witness to so testify is largely a matter of discretion with the court, and we cannot interfere with the court's adverse ruling unless it appears to amount to an abuse of discretion. It does not appear that there was an abuse of discretion in the instant

case. The matters complained of will probably not arise in case a retrial is had.

The judgment and order appealed from are reversed.

Waste, C. J., Shenk, J., Curtis, J., and Richards J., concurred.