[Crim. No. 1501. First Appellate District, Division Two.—November 21, 1928.]

THE PEOPLE, Respondent, v. PETER S. PELOIAN, Appellant.

N. Lindsay South for Appellant.

U. S. Webb, Attorney-General, and Waldemar Augustine, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was tried upon an information in two counts, the first charging arson and the second charging "burning insured property." The jury returned a verdict of guilty on both counts, but the trial court granted defendant's motion for a new trial on count one. From the order denying his motion for a new trial on count two, and from the judgment of conviction the defendant has appealed on a typewritten record.

On the night of January 31, 1928, a house situated in the city of Fresno was partially damaged by fire. The property was jointly owned by defendant's wife, in her separate right, and by her two minor children by a former marriage. For some time prior to the fire it had been managed solely by the wife of defendant, who had covered it with two policies of fire insurance in the sum of two thousand dollars each. The property was unoccupied at the time of the fire, but when the firemen arrived at the scene they discovered that coal-oil had been sprinkled upon the walls and floors of the house and that candles had been placed in various rooms, all of which tended to convince them that the fire was of incendiary origin. Upon investigation a five-gallon can containing some coal-oil was found. This can bore a yellow label, partially torn, the remaining portions of which were found inside the rear door of defendant's store. It was also shown that defendant carried coal-oil for sale at his store and that he had a Ford truck for delivery purposes which had four new Fisk tires corresponding to fresh automobile tracks found in the alley behind the burned property. The state also showed that certain paper wrappers found at the fire had been delivered to the defendant's store on January 19, preceding the fire.

This is all the evidence upon which the state relies as connecting defendant with the commission of the crime. It is the contention of appellant on this appeal that it is insufficient to support the verdict, that it merely creates a suspicion that the appellant, or one of his clerks could have, or might have, committed the crime, and that this suspicion rests entirely upon the fact that they had access to the coal-oil and cartons in the store and to the key to a Ford automobile which could have made the tracks observed near the burned building. But we should add, not for the pur-

pose of showing a conflict in the testimony, but merely to give the entire story, that the uncontradicted testimony showed that the appellant was home ill all during the night of the fire, and that on the morning of the day preceding the fire, which was a Sunday, the appellant's store was found open and that a number of customers called for service, but could find no one in attendance. We would have to strain the rule covering the weight to be given circumstantial evidence if we were to hold that the facts and circumstances in this case were "such as to exclude any other reasonable theory than that of the guilt of the accused." (*People* v. *Nagy,* 199 Cal. 235, 236 [248 Pac. 906, 907].) But, assuming for the purposes of the case that they are sufficient to show appellant's participation in the burning we are confronted with the asserted failure of the state to prove the essential element of appellant's knowledge that the building was insured.

██ The appellant contends that the only competent evidence in the record shows that appellant had no knowledge that the property was insured and that the judgment must therefore be reversed. The state of the evidence is conceded by respondent, but the respondent argues that the jury could disregard all this positive evidence and draw the inference that appellant had such knowledge from the facts that the property was in truth insured, that appellant's wife owned the property and that he was living with his wife. That a fact is true does not alone support an inference that a party has knowledge of that fact. If we might infer from the fact that a man lives with his wife he must know all the details of her private business affairs, then the jury might have drawn that inference and might have set it up against the positive testimony to the contrary. ██ But an inference is a deduction to be drawn from the facts proved and not a conclusion based upon suspicion alone.

It is conceded that knowledge of the insurance was an essential element of the crime charged in the second count, and one which the state was required to prove. The only evidence on the subject is the direct and positive testimony that appellant did not have such knowledge. To reach the verdict it was necessary for the jury to disregard this direct evidence and conclude that appellant had the knowledge

from the fact that he lived with his wife, who alone attended to all the matters relating to her own property. Manifestly this is nothing more than a suspicion that appellant might have had knowledge of this essential fact. If mere suspicion were sufficient to support a finding of an essential element of a crime then the statutory presumption of innocence of crime would become a declaration without a consequence.

The judgment and order are reversed and a new trial ordered.

Koford, P. J., and Sturtevant, J., concurred.