267 P.2d 458]

Appellate Department, Superior Court, Los Angeles

[Cr. A. No. 2980. Nov. 23, 1953.]

THE PEOPLE, Respondent, v. RALPH B. McGINNIS, Appellant.

John E. Glover for Appellant.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and Dan J. Whiteside, Deputy City Attorney, for Respondent.

BISHOP, J.—The determination of this appeal depends upon the answer to this question: Was it error to admit evidence of the fact that, when arrested on the charge of driving a motor vehicle while under the influence of intoxicating liquor, the defendant declined to comply with the police officers' request that he submit himself to an intoximeter test? ██ We have concluded that it was not error, and that the judgment should be affirmed.

This case falls within the field already containing two well established types of cases: those in which, by statement or by silence in the face of an accusatory statement, the defendant made an admission that serves to establish his guilt (see *People* v. *Simmons* (1946), 28 Cal.2d 699, 712-713 [172 P.2d 18, 25], and cases cited); and those in which by some action he revealed a consciousness of his guilt. Illustrative of the latter type of case we have those in which evidence was received of flight (*People* v. *Anderson* (1922), 57 Cal.App. 721, 727 [208 P. 204]; the making of contradictory statements to conceal the true facts (*People* v. *Gentekos* (1931), 118 Cal.App. 177, 182 [4 P.2d 964, 967]; the use of a false name (*People* v. *Liss* (1950), 35 Cal.2d 570, 576 [219 P.2d 789, 793]). The facts of our case bring it close to the group of cases last cited, for it was not what the defendant said that was signifiant, nor his failure to say anything, but what he refused to do.

The fact that the defendant at all times denied his guilt does not require the conclusion that the evidence be excluded. If one on trial for any offense had endeavored to conceal his identity after the crime by use of an alias, surely that fact would not be inadmissible in evidence, because as he gave the assumed name he also declared that he was an innocent man. ██ Where actions may speak louder than words, the jury should be permitted to consider both. We do not find in *People* v. *McGee* (1947), 31 Cal.2d 229, 239 [187 P.2d 706, 712], any reason to abandon or modify the conclusion we have expressed.

The jury, of course, might not have been persuaded that it was fear of the result that dictated defendant's refusal, but have believed that he had some other reason for declining to cooperate. This possibility, however, is not a basis for saying that the evidence should not have been received. As stated in *People* v. *Graves* (1934), 137 Cal.App. 1, 10 [29 P.2d 807, 811, 30 P.2d 508]: "A study of cases shows a confusion in the minds of some courts between the admissibility of a circumstance in evidence and its weight when admitted. Of course, a circumstance may be so remote as to be of no practical use and should therefore be held inadmissible, but every case must be considered in its own right, and if extreme remoteness is not apparent the circumstance should be admitted and its weight left to the jury." Again, in *People* v. *Roeder* (1940), 41 Cal.App.2d 495, 500 [107 P.2d 92, 94], we find this quotation taken from two earlier cases: "It is well settled, however, that a fact relating to the guilt of an accused may be established by circumstantial as well as by direct evidence; that the right to draw proper inferences from the evidence is a function of the jury, and that as long as its conclusions do not do violence to reason, a reviewing court is not permitted to substitute its finding of the ultimate fact for that reached by the constitutional as well as the statutory arbiter thereof. (*People* v. *Latona,* 2 Cal.2d 714 [43 P.2d 260]; *People* v. *Martinez,* 20 Cal.App. 343 [128 P. 952].) In other words, as frequently said by the courts, circumstantial evidence may be as conclusive in its convincing force as the testimony of witnesses to the overt act. (*People* v. *Nagy,* 199 Cal. 235 [248 P. 906]; *People* v. *Perkins,* 8 Cal.2d 502 [66 P.2d 631]), and consequently where the circumstances proved reasonably justify the conclusion of the jury expressed in its verdict, it is beyond the authority of the reviewing court to interfere therewith."

We are not prepared to say that it would do "violence to reason" for the jury to conclude that the defendant refused to take the test because he did not want to run the risk that the test would furnish evidence of the condition in which he knew himself to be. Therefore, we should not, and do not, disapprove the trial court's action in admitting the evidence. Incidentally, we note that as a witness the defendant did not claim that he was unfamiliar with the test when a balloon was used, nor was any fact established that served to make it improper for the jury to weigh his refusal as a fact in the case.

A person, arrested because it appears that he is intoxicated, may have the right to refuse to subject himself to any of the usual tests, or to the intoximeter test, as the jury was instructed, but if he takes the tests, no physical or other coercion frowned upon by due process being employed, the result may be brought before a jury. (*People* v. *Haeussler* (1953), 41 Cal.2d 252 [260 P.2d 8].)

The judgment is affirmed.

Shaw, P. J., and Patrosso, J., concurred.